**Educator and Executive Insurers, Inc.
v. Wellman**

*William C. Kuhn,* for plaintiff.

*P. Raymond Bartholomew* and *Michael Halliday,* for defendants.

STRANAHAN, P. J., June 22, 1972.—This matter is before the court on a petition for declaratory judgment and the issue involved is whether or not this court should take jurisdiction of this matter.

On February 4, 1970, defendant, Marie L. Wellman, executed an application for an automobile insurance policy with plaintiff. As a result of that application plaintiff issued the policy covering Marie L. Wellman and Howard W. Wellman, husband and wife, as named insureds and an identified Mustang automobile and any authorized driver thereof, with an insurance policy covering a period from February 4, 1970, to August 4, 1970.

It is the insurance company's contention that in the application executed by Mrs. Wellman she knowingly and falsely misrepresented the material facts in her answers to the questions in the application. These misrepresentations include the fact that she was the registered owner of the Mustang automobile when, in truth, her husband, Howard W. Wellman, was also a registered owner of the vehicle.

Mrs. Wellman also represented that neither she nor Howard W. Wellman were afflicted with a heart condition or had diabetes when the hospital records of the Shenango Valley Osteopathic Hospital indicate that Howard W. Wellman has been afflicted with

both a heart condition and diabetes for some years and did on January 29, 1970, suffer a coronary attack.

Plaintiff further alleges that Mrs. Wellman misrepresented the facts on her application when she stated that neither she nor Howard W. Wellman had previously had their licenses suspended during the five preceding years nor had they been convicted or paid a fine for a motor vehicle code violation, nor had either of them been involved in a vehicle accident during the past five years. Contrary to this representation, it is contended by plaintiff that the records indicate that Howard W. Wellman pleaded guilty to drunken driving and was sentenced therefor on January 31, 1966, and that his operator's license was suspended for a year as a result of this incident and further that Howard W. Wellman had been involved in one or more motor vehicle collisions within the preceding five years.

On March 11, 1970, Howard W. Wellman was involved in a vehicular collision with Stanley Babnis, a defendant in this case, and as a result of this collision Stanley Babnis instituted a suit in trespass against Howard W. Wellman at March term, 1972, no. 205. Howard W. Wellman demanded that the insurance company furnish him with a defense and pay any damages on his behalf that he might be obliged to pay as a result of the accident with Babnis.

It is the position of plaintiff insurance company that the policy in question was void from its inception because of the willful material misrepresentations of Marie L. Wellman in the application for the policy and, therefore, plaintiff has filed this petition for declaratory judgment to determine the status of the policy so that the parties' rights may be determined prior to the trial of the pending action brought against Howard W. Wellman by Stanley Babnis.

Defendants, Howard W. Wellman and Marie L. Wellman, have filed an answer to plaintiff's petition which answer is limited to raising the legal questions under section 5 of the supplement of May 22, 1935, P. L. 228, Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §851, and this matter is now before the court.

It should be noted possibly that in plaintiff's brief it indicates that it will not voluntarily furnish a defense for Howard W. Wellman or pay any sums on his behalf under the policy in issue. As a practical matter, the insurance companies involved in situations where a dispute of coverage is involved generally elect to defend the case on an agreement with the alleged insured that the defense does not constitute a waiver of their right to contest the policy but, on occasion, the insurance company may elect to refuse to defend and place the alleged insured in a position where he must afford his own defense and then endeavor to recoup the cost of the defense together with any verdict that may be returned against him, if a verdict is returned against him. The insurance company apparently is electing to follow the latter procedure, although this conclusion is based merely on a comment that is made in plaintiff's brief.

A reading of the numerous cases dealing with declaratory judgments leads to the conclusion that whether or not the lower court grants relief by declaratory judgment is a matter of discretion on the part ·of the court and also it is apparent from the cases that declaratory judgments are not looked upon with favor by either the trial courts or the appellate courts. In 12 PS §836, it provides "Relief by declaratory judgment or decree *may* be granted in all civil cases . . ." From this it is obvious that this court has discretion in this matter. In State Farm Mutual Automobile

Insurance Company v. Semple, 407 Pa. 572, at page 574, the court states:

"Fundamentally, whether or not a court should take jurisdiction of a declaratory judgment proceeding is a matter of sound judicial discretion. It is not a matter of right."

While this case may have some aspects about it which lend themselves to the use of a declaratory judgment, it is nonetheless the policy of the Mercer County courts to not take jurisdiction of a declaratory judgment proceeding unless compelling and unusual circumstances exist. We do not believe that the circumstances exist in the present case, and we further believe that were we to accept this case as one that lends itself to the declaratory judgment procedure, we would be establishing a precedent in this county that would lead to many future requests by insurance companies for declaratory judgments in those cases.

In Eureka Casualty Company v. Henderson at 371 Pa. 587, a situation somewhat similar to the present case existed in that the insurance company contended that because of the failure of their insured to cooperate with them, the insurance company had the right to avoid the defense of any action under the terms of the policy.

The court, in addition to holding that it was discretionary with the trial court as to whether or not it should accept jurisdiction of the petition, further pointed out that this was the type of case that could be disposed of in the normal manner. The injured party would assert her claim against the insured and in the event that liability on the part of the insured was determined to exist, then a second suit could be brought to determine whether the insurance company would be required to pay under its policy. As the

court pointed out, if there was no liability in the initial suit, then the question of whether or not the insurance company was responsible under the terms of the policy becomes moot. From this the court reasons that a declaratory judgment under these circumstances should be dismissed because plaintiff is attempting to "get the court to decide future rights in anticipation of an event which may not happen." Page 593.

Other cases including Philadelphia v. Philadelphia Transportation Company, 404 Pa. 282, follow this line of reasoning.

It does not appear to this court that there is any immediate need for a declaratory judgment in this case. While it is true that the insurance company may be put to the added expense of providing a defense to Howard W. Wellman in the suit against him by Stanley Babnis, that factor is not mentioned in any of the cases as being sufficient reason for a declaratory judgment. As pointed out above, it would appear that possibly the insurance company in this particular case may forego a defense of Wellman on the theory that there is no liability under the policy. However, that is a matter for plaintiff to decide.

A reading of the more recent cases, including Greenberg v. Blumberg, 416 Pa. 226, indicates that the appellate courts have now established an additional rule to the effect that even though the granting of a declaratory judgment is a matter that lies within the judicial discretion of a lower court and even though both parties join in asking such a judgment, the availability of a declaratory judgment is a question which can be decided on appeal. Such being the case, we are of the opinion that even though this court might in its discretion accept this matter for declaratory judgment and even though both parties might re-

sign themselves to the fact that the court would enter a declaratory judgment under these circumstances, if an appeal were taken, it is highly questionable in this court's mind as to whether the appellate court would determine that this is a proper case for the court to enter a declaratory judgment.

Based on our reading of the Pennsylvania cases and based on the policy of this court, together with the realization that the appellate courts of Pennsylvania have not looked kindly on declaratory judgments being issued in a dispute over the coverage of an insurance policy, we conclude that this court should not entertain a petition for a declaratory judgment under these circumstances and we, therefore, dismiss plaintiff's petition for the reason set forth above.

## ORDER

And now, this June 22, 1972, plaintiff's petition for declaratory judgment is refused and exceptions are granted to plaintiff from this order of court.