591 A.2d 770

**Dale KING and Michael D. Juliana and Michael J. McHugh, Appellants,**

**v.**

**M.E. WEISER, Paul B. Lerew, Marlin H. Hess and Donald Bretzman, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided May 17, 1991.

Reargument Denied June 21, 1991.

Petition for Allowance of Appeal Denied Nov. 18, 1991.

92

Ron Turo, Carlisle, for appellants.

Daniel F. Wolfson, York, for appellees.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the Common Pleas Court of Adams County, which declared a vacancy on the Board of Supervisors (Board) of Latimore Township, Adams County, and ruled that Michael J. McHugh, one of three supervisors, had to stand for election in 1991.

The pertinent facts are as follows: In November of 1989, McHugh was elected to a six-year term as a member of the Board. He took office in January 1990 with his term to expire in January 1996. In April 1990, after being told by his employer that he would be required to relocate out of the Township, McHugh informed the Board that he would resign his office. On May 11, 1990, the Board accepted McHugh's resignation. The minutes of that Board meeting state that "a motion to accept Michael McHugh's resignation from the Board of Supervisors was regretfully made by Michael Juliana, seconded by Dale King, both voted in favor." Shortly thereafter, McHugh discovered that he was no longer required to relocate because of business reasons, and on June 4, 1990, the Board rescinded McHugh's resignation, permitting him to remain a member of the Board. The minutes of the June 4th meeting state that "Michael Juliana then moved that due to changed circumstances the Board rescind the resignation of Michael McHugh, Dale King seconded, both voted in favor. Michael McHugh then took his seat at the Board table."

On March 19, 1991, M.E. Weiser, Paul B. LeRew, Marlin H. Hess, and Donald Bretzman, registered voters of Latimore Township (Voters), filed a "Petition to Certify a Vacancy" in the Court of Common Pleas of Adams County. Dale King, Michael Juliana, and Michael McHugh, (Supervisors) filed preliminary objections to the petition. The trial court did not dispose of the preliminary objections, but in order to expedite the resolution of a matter of public interest proceeded to decide the merits of the case. The trial court found that McHugh's resignation was effective "immediately", that is, when it was tendered and accepted by the other two Board members at the meeting on May 11, 1990, and this action created a vacancy on the Board. The trial court further held that the later rescission of the resignation on June 4, 1990, amounted to the appointment of McHugh to the vacancy created the previous month. The trial court ruled that McHugh could remain in office until the first Monday in January of 1992, and directed the

Board of Elections of Adams County to provide a spot on the ballot for the primary election of 1991 for the write-in nomination for the position to fill the balance of McHugh's unexpired term. This appeal by the three Supervisors followed.

The Supervisors contend that (1) the trial court erred when it allowed the Voters to commence an action by "Petition to Certify a Vacancy" which was not verified, (2) the trial court erred by not addressing the preliminary objections, (3) the trial court erred in deciding in favor of the Voters when no evidence was presented, (4) the trial court erred when it ruled that a vacancy existed on the Board, and (5) the trial court erred in reaching the merits of the Petition when the action was in quo warranto.

The Supervisors first argue that the trial court erred when it allowed the Voters to commence an action entitled a "Petition to Certify a Vacancy" which was not verified under Pa.R.C.P. 1024. A trial court will not be reversed for either waiving or refusing to waive noncompliance with procedural rules in the absence of an abuse of discretion which has caused manifest and palpable injury to the complaining party. *Richter v. Mozenter*, 356 Pa. 650, 53 A.2d 76 (1947); Goodrich–Amram 2d § 126:1. This is in accord with Pa.R.C.P. 126 which permits a trial court to "disregard any error or defect or procedure which does not affect the substantial rights of the parties." Even though the Voters admit in their brief that the petition was technically deficient, the Supervisors have not alleged *any* consequences resulting from the trial court's decision which caused them manifest or palpable injury. Therefore, the trial court did not abuse its discretion in disregarding the technical defects in the Voters' petition.

The Supervisors also assert that the trial court erred in not addressing their preliminary objections. A trial court which reaches the merits of a dispute without disposing of preliminary objections will not be reversed unless the substantial rights of the parties are affected. *Sullivan v.*

*County of Bucks,* 92 Pa. Commonwealth Ct. 213, 499 A.2d 678 (1985) *petition for allowance of appeal denied sub nom. Neshaminy Water Resources Authority v. Philadelphia Electric Co.,* 516 Pa. 623, 532 A.2d 21 (1986); Pa. R.C.P. 126. Because the Supervisors fail to allege *any* affect on their substantial rights caused by the trial court's failure to decide their preliminary objections, we hold that the trial court did not err.

Further, the Supervisors argue that the trial court erred in deciding in favor of the Voters when they presented no evidence. The record shows that the parties contemplated that all issues would be resolved by argument. Moreover, the Supervisors' assertion is factually incorrect because evidence was introduced in the form of the official minutes of two Board meetings and the testimony of McHugh. Thus, the Supervisors' contention is without merit.

The Supervisors next contend that the trial court erred in concluding that a vacancy existed on the Board. A township officer may resign his office creating a vacancy which may be filled by the remaining supervisors. Section 420 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65420. The resigning supervisor establishes the effective date that his or her office is vacated. *Buffalo Township Supervisor,* 11 Pa.D. & C.3d 200 (1979). The trial court, relying on the minutes of the Board, concluded that McHugh's resignation was effective when tendered and accepted and, therefore, created a vacancy on the Board at that moment. The minutes of the two meetings plainly support the trial court's determination that McHugh intended his resignation to be immediately effective, that the resignation caused a vacancy on the Board, and due to the "rescission" of the resignation at the next meeting the other supervisors appointed McHugh to the existing vacancy. The trial court's determination is supported by substantial evidence and we hold that it correctly concluded that a vacancy existed on the Board.

Last, the Supervisors contend that the trial court should not have ruled on the Voters' "Petition to Certify a Vacancy" because the action sounded in quo warranto. A quo warranto action is the sole and exclusive method to try title or right to public office. *Spykerman v. Levy*, 491 Pa. 470, 421 A.2d 641 (1980). In the present action, the Voters are challenging the amount of time McHugh can sit as a supervisor; the Voters are not disputing McHugh's right to be a supervisor but only the term of the office expiring at some future date. This situation is distinguishable from the facts in *DeFranco v. Belardino*, 448 Pa. 234, 292 A.2d 299 (1972), where a taxpayer challenge to the appointment of a township supervisor was held to be an action in quo warranto. In *DeFranco*, the taxpayers were attempting to have an appointed supervisor removed from his present position because, through an abuse of the appointment process, the supervisor had extended his term in office by two years by having himself appointed to another supervisor's position and term. In contrast, the Voters here are content to allow McHugh to hold his own position and office as an appointed supervisor until January 1992. Accordingly, the present action is not in quo warranto and the trial court did not err in reaching the merits of the Voters' petition.

The order of the trial court is affirmed.[1]

## ORDER

NOW, May 17, 1991, the order of the Court of Common Pleas of Adams County in the above-captioned matter is affirmed.

PALLADINO, Judge, dissenting.

I respectfully dissent.

I believe that the failure of the trial court to address the preliminary objections of Dale King, Michael D. Juliana, and

---

1. This opinion was circulated and filed pursuant to Section 258 of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa.Code § 67.31.

Michael J. McHugh (Appellants) does affect substantial rights of the Appellants, because disposition of the first preliminary objection brings this controversy to a conclusion.

The first preliminary objection of the Appellants, in the nature of a motion to strike, stated that a "Petition to Certify a Vacancy is not a pleading allowed under Pennsylvania Rules of Civil Procedure 1017...." This preliminary objection raises the issue of whether there is a lack of conformity to law, or in other words the unavailability of any cause of action to the Petitioners.

The legal basis cited by Petitioners for the relief they sought was Section 420 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65420, which reads as follows:

### § 65420. Vacancies in general

If the electors of any township shall fail to choose a supervisor, tax collector, auditor or assessor, or if any person elected to such office shall neglect or refuse to serve therein, or if a vacancy shall occur in the office by death, resignation, removal from the township, or otherwise, a majority of the remaining supervisors may appoint a successor who is a registered voter and upon their failure to make such appointment within thirty days after the vacancy occurs, the vacancy shall be filled within fifteen additional days by the vacancy board. Such board shall consist of the board of supervisors and one registered elector of the township, who shall be appointed by the board of supervisors at the board's first meeting each calendar year or as soon thereafter as practical and who shall act as chairman of the vacancy board. *If the vacancy board fails to fill the position within the time prescribed, the chairman shall, or in the case of a vacancy in the chairmanship the remaining members of the vacancy board shall, petition the court of common pleas to fill the vacancy. In the case where two or more vacancies in the office of supervisor occur on a three member board, or three or more vacancies on a*

*five member board, the court of common pleas shall fill such vacancies upon presentation of petition signed by not less than fifteen registered electors of the township.* In all cases, the successor so appointed shall hold the office until the first Monday in January after the first municipal election occurring more than sixty days after the vacancy occurs, at which election an eligible person shall be elected for the unexpired term. (Emphasis added.)

The court of common pleas has no authority under this statute to certify a vacancy, the "relief" sought by Petitioners. The court only has the authority to appoint a member when a vacancy exists, a fact not alleged in the petition. Furthermore, the statute limits who can seek such an appointment to members of the vacancy board, or a minimum of fifteen registered electors. The Petitioners meet neither of these requirements. Accordingly, there was no basis in law to support the trial court's action on the petition.

Furthermore, it is obvious from reading the petition, that the sole purpose of the petition was to challenge McHugh's right to continue to hold office for his full term. The substance of the complaint and the relief sought is in the nature of removal of an elected official. Our supreme court has clearly stated that "the quo warranto action is the sole and exclusive method to try title or right to public office." *Spykerman v. Levy*, 491 Pa. 470, 484, 421 A.2d 641, 648 (1980). I do not agree with the distinction made by the majority that a challenge to the length of an individual's term is not a challenge to the right of the individual to hold office. I believe both are actions sounding in quo warranto.

Quo warranto may be instituted only by the attorney general or the district attorney, not a private citizen, unless the private citizen has a special right or interest, as distinguished from the public interest generally, or he has been specially damaged. *Id.*, 491 Pa. at 485–486, 421 A.2d at 649. Petitioners have not alleged any special right, interest, or damage so as to permit a private quo warranto action.

Accordingly, the trial court erred by failing to address, and grant, the preliminary objection in the nature of a motion to strike on this ground.

The trial court also erred in concluding that a vacancy existed on the board of supervisors, and that the board of supervisors had "appointed" McHugh to this vacancy. If we were to accept these findings of the trial court, we would, in effect, be eliminating the ability of elected officials to perform their duty. There can be no question that ordinances, rules and regulations can be amended or repealed. By analogy, that is what the board of supervisors did in the present case; it repealed a prior action, i.e. accepting the resignation of McHugh, as a consequence the resignation was a nullity.

Elected officials must have the ability to repeal, rescind, or amend their prior actions. If this ability is lost, our elected officials would be unable to address new or changed circumstances, because some law was enacted in the past which can not now be changed. I believe that the board of supervisors had the authority to rescind its acceptance of McHugh's resignation, thereby voiding any vacancy that was created by its original acceptance of McHugh's resignation. As a result, McHugh has the right to complete his full term of office.

Accordingly, for the reasons stated above, I would reverse the order of the trial court.