644 A.2d 818

**Thomas A. BOWEN, Appellant,**

v.

**MOUNT JOY TOWNSHIP, M. Jane Balmer, Harold Z. Musser and Harvey E. Nauss, Jr.**

Commonwealth Court of Pennsylvania.

Argued April 12, 1994.

Decided June 15, 1994.

Reargument Denied Aug. 18, 1994.

Petition for Allowance of Appeal Denied Dec. 13, 1994.

102

James N. Clymer, for appellant.

Josele Cleary, for appellees.

Before COLINS and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Thomas Bowen, a resident and taxpayer of Mount Joy Township, appeals from an order of the Court of Common Pleas of Lancaster County that dismissed Bowen's amended complaint in an action for declaratory judgment and granted the preliminary objections filed by Mount Joy Township, M. Jane Balmer, Harold Z. Musser and Harvey E. Nauss, Jr. (collectively Township).

The three individuals named above were members of the Board of Supervisors of the Township (Board). Nauss was elected to a six-year term in November of 1991 and assumed his seat on the Board in January, 1992. His term in office was to run until January, 1998.

At a regular meeting of the Board held on May 3, 1993, during a heated debate, Nauss orally tendered his resignation as a member of the Board stating that his resignation was effective as of 9:02 p.m. on May 3, 1993. However, the minutes of the May 3 meeting show that Nauss continued to serve as a member of the Board, despite his tendered resignation, and that he voted on the motion to adjourn that meeting. The minutes also state that Balmer and Musser "denied Mr. Nauss's resignation at this time and suggested an executive session to discuss it." (Board of Supervisors' Minutes, 5/3/93, p. 6, attached as Exhibit A to Amended Complaint and incorporated by reference.) At the next regular Board meeting held May 17, 1993, Nauss presented a letter to Balmer and Musser purporting to withdraw his resignation. Nauss continued to sit as a member of the Board at the May 17 meeting without objection from either Balmer or Musser. He was likewise seated at the June 7, 1993 meeting.

On June 1, 1993, Bowen filed the declaratory judgment action at issue here, which he describes as merely asking the trial court to determine the legal effect of actions taken by Nauss at the May 3 meeting. The Township filed preliminary objections on June 8, 1993. Bowen then filed an amended complaint, dated June 28, 1993. Bowen avers that, as a resident and taxpayer of the Township, he has a direct, substantial and present interest in the resolution of the questions raised in his complaint; however, he does not indicate specifically what is his interest, only that he has brought this action to ensure proper representation on the Township Board for the residents. In his prayer for relief, Bowen requests that the court:

(a) determine that Mr. Nauss resigned his office of supervisor of Mount Joy Township as of 9:02 p.m., May 3, 1993;

(b) determine that a vacancy has existed on the Board from 9:02 p.m., May 3, 1993, until such time as a successor has been or will be appointed in accordance with section 420 of The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. § 65420;

(c) determine whether or not such vacancy still exists or whether the actions by Mrs. Balmer and Mr. Musser in permitting Mr. Nauss to be seated as a member of the Board at its regular meetings held May 17 and June 7, 1993 amount to the appointment of Mr. Nauss to the vacancy created by his resignation, . . . .

(d) determine that if Mr. Nauss is deemed to have been appointed to the vacancy created by his resignation, his term of office expires the first Monday of January, 1994, . . . .

(e) direct Mount Joy Township to pay the costs of this action and hearing, including counsel fees; and

(f) make such order and decrees with respect thereto as this Court deems just and equitable.

(Amended Complaint, pp. 6–7.)

The Township's preliminary objections [1] assert that declaratory judgment is not the proper form for the relief requested and that Bowen does not have standing to bring this action. Specifically, the Township maintains that quo warranto is the only available action and may only be brought by the Attorney General or the appropriate district attorney.

The trial court, without opinion, dismissed Bowen's amended complaint with prejudice. Bowen then appealed to this Court,[2] raising the following issues for our review: 1) whether

1. Although the Township disputes Bowen's allegations concerning Nauss' resignation, it does not contest the factual issues in its brief to this Court because the posture of this case concerns preliminary objections.

2. Our scope of review is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks v. Livermore*, 157 Pa.Commonwealth Ct. 243, 629 A.2d 270 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

a declaratory judgment action is the proper manner in which to determine if a member of a Board of Supervisors resigned and may be illegally continuing to serve as a member of that Board or whether an action in quo warranto is the proper and exclusive form of action; and 2) whether a resident and taxpayer has standing to bring an action in quo warranto.

Bowen argues that he has a statutory right to be heard on the merits of his action in declaratory judgment because he is neither asking for removal of a public official from office nor asserting that the public official is holding the power of office illegally. He maintains that he is asking only for a determination of the propriety and legal effect of actions taken by Nauss while in office as a Township supervisor.

Bowen cites *King v. Weiser*, 140 Pa.Commonwealth Ct. 90, 591 A.2d 770, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991), arguing that the "petition to certify a vacancy" filed by the voters in *King* was treated as a declaratory judgment action and that our Court affirmed the trial court's decision concluding that quo warranto was not applicable to the situation. The facts in *King* show that a supervisor's resignation was effective and that the board by accepting the supervisor's rescission of his resignation in actuality appointed the supervisor to fill the vacancy created by his earlier resignation. However, the court stated that the voters who filed the "petition" were challenging the amount of time the supervisor could sit but were not disputing the right of that supervisor to be a supervisor. They were only looking for confirmation as to the term's expiration.

Bowen further asserts that this Court rejected the characterization of the issue as stated in the *King* dissent that "the sole purpose of the petition was to challenge [the supervisor's] right to continue to hold office for his full term. The substance of the complaint and the relief sought is in the nature of removal of an elected official." *Id.*, 140 Pa.Cmwlth. at 98, 591 A.2d at 773. Thus, the dissent believed that the action sounded in quo warranto.

The Township points out that, under the provisions of Section 420 of the Second Class Township Code (Code),[3] any successor who was appointed to fill the alleged vacancy should have stood for election in November, 1993. The Township further contends that, if we accept that Nauss resigned on May 3, 1993 and that the acceptance by the other two supervisors of Nauss' letter of rescission was in essence an appointment to fill the vacancy, then, pursuant to Section 420 of the Code, an election for Nauss' position should have been held in November, 1993, and that after January, 1994, Nauss would have no right or title to his office. Thus, according to this scenario, the Township argues that Bowen is in reality requesting a determination of Nauss' right to hold office, a proceeding that requires the filing of a quo warranto action. On the other hand, if Nauss never resigned because his alleged resignation was not accepted by the other members of the Board then there was no appointment to fill a vacancy and no question as to the length of Nauss' term in office.

█ Initially, however, we must examine the action that Bowen has filed, namely, a request for declaratory judgment. As Bowen indicates in his brief, the purpose of the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7551, is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. § 7541(a); *Fidelity Bank v. Pennsylvania Turnpike Commission*, 498 Pa. 80, 444 A.2d 1154 (1982); *Geisinger Clinic v. Di Cuccio*, 414 Pa.Superior Ct. 85, 606 A.2d 509 (1992) *petition*

3.  Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65420. Section 420 of the Code states, in pertinent part, that:
    If the electors of any township shall fail to choose a supervisor, tax collector, auditor or assessor, or if any person elected to such office shall neglect or refuse to serve therein, or if a vacancy shall occur in the office by death, resignation, removal from the township, or otherwise, a majority of the remaining supervisors may appoint a successor who is a registered voter.... In all cases, the successor so appointed shall hold the office until the first Monday in January after the first municipal election occurring more than sixty days after the vacancy occurs, at which election an eligible person shall be elected for the unexpired term.

*for allowance of appeal denied,* 536 Pa. 625, 637 A.2d 285 (1993). However, an action brought under the DJA "must allege an interest by the party seeking relief which is direct, substantial and present, ... and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights." *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections,* 158 Pa.Commonwealth Ct. 221, 228–29, 631 A.2d 767, 771 (1993) *aff'd without opinion,* 536 Pa. 544, 640 A.2d 413 (1994).

■ Because a party, to have standing to petition for declaratory relief, must plead facts which establish a direct, immediate and substantial injury, *Pennsylvania Chiropractic Federation v. Foster,* 136 Pa.Commonwealth Ct. 465, 583 A.2d 844 (1990), Bowen's complaint must be examined as to whether it contains such allegations. "A substantial interest in the outcome of a dispute is an interest which surpasses the common interest of all citizens in seeking obedience to the law." *Empire Coal Mining & Development, Inc. v. Department of Environmental Resources,* 154 Pa.Commonwealth Ct. 296, 300, 623 A.2d 897, 899, *petition for allowance of appeal denied,* 535 Pa. 625, 629 A.2d 1384 (1993). "A party has a direct interest in a dispute if he or 'she was harmed by the challenged action or order." *Id.* The "interest is immediate if there is causal connection between the action or order complained of and the injury suffered by the party asserting standing." *Id.*

■ Our review of the amended complaint reveals no direct, substantial and present interest alleged by Bowen other than the statement that he wants to ensure proper representation. This is not enough; from the record we cannot determine how Bowen individually is involved or aggrieved in what he alleges is a controversy. Thus, Bowen is not in a position to bring this action for declaratory judgment.

■ Secondly, the DJA requires a petition for declaratory relief to state an actual controversy between the petitioner and the named defendant(s). *Pennsylvania Chiropractic.*

The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a *clear manifestation that the declaration sought will be of practical help in ending the controversy* are essential to the granting of relief by way of declaratory judgment.... Further litigation was impossible here because the court held that Appellees lacked standing to pursue it and that determination ended the controversy, rendering the declaratory judgment superfluous and academic only.

Only where there is a *real controversy* may a party obtain a declaratory judgment....

*A declaratory judgment must not be employed* to determine rights in anticipation of events which may never occur or for consideration of moot cases or *as a medium for the rendition of an advisory opinion which may prove to be purely academic.*

*Gulnac v. South Butler County School District*, 526 Pa. 483, 487–88, 587 A.2d 699, 701 (1991) (emphasis added) (citations omitted). The *Gulnac* court held that the trial court's decision concerning standing should have ended the case and that a determination on any other issue would be merely a rendering of an advisory opinion, "which our courts are not entitled to do." *Id.*

Bowen himself recognizes that a decision here will not end what he deems to be a controversy. In the last paragraph of his brief to this Court, he states:

This Declaratory Judgment Action is limited in scope. It merely asks for a legal determination of actions taken by Nauss and the other individual Defendants in their capacities as public office holders. Denying Bowen and other Township residents the opportunity to remove the cloud caused by the actions in question would be contrary to the purposes of the Declaratory Judgment Act. If, after remand, the Trial Court would find in favor of Bowen, it would still be the prerogative of the Attorney General or the

District Attorney whether to proceed with a quo warranto action.

(Bowen's Brief, p. 11.)

Clearly, Bowen concedes that, even if we reverse the trial court's grant of the Township's preliminary objections giving Bowen the opportunity to succeed on the merits, further litigation in the form of a quo warranto action would be necessary. Our decision here would, at most, be advisory.

■ Furthermore, based on Bowen's complaint, and the Board's minutes appended to the complaint, no *prima facia* case has been established that evidences that an actual resignation took place; the other two members of the Board did not accept it as such.

*[A] resignation is not effective until it has been accepted by the municipal body.* This is demonstrated in the Supreme Court case Whitehouse v. Krapf, 249 Pa. 81, 94 A. 553 (1915), where a petition for appointment of township supervisors had been presented, but subsequently withdrawn. The Court held that without acceptance of the resignation before the withdrawal of such, no vacancies were to be filled. Resignations can be rescinded or withdrawn prior to the acceptance by the governing body,....

*Borough of California v. Horner,* 129 Pa.Commonwealth Ct. 426, 429, 565 A.2d 1250, 1251 (1989), *petitions for allowance of appeal denied,* 525 Pa. 620, 622, 577 A.2d 891, 892 (1990) (emphasis added).

We also recognize that although Bowen is attempting to state his allegations as though he is questioning the length of Nauss' term so that he can fit his argument under the rationale in *King,* we believe that his challenge is in actuality a challenge to Nauss' right to hold the office of supervisor. *King* is distinguishable from the facts here because in *King* the trial court found that the supervisor's resignation was accepted by the board and that the rescission was considered an appointment. Here, Bowen alleges that a vacancy existed, but incorporates into his complaint the May 3, 1993 Board minutes, which clearly show that the oral resignation was not

accepted by the other two members of the Board.   Thus, the resignation was not effective.   *Horner.*

■      Any inferences based on Bowen's allegations do not demonstrate that a vacancy existed on the Board at any time. Without a vacancy no appointment was necessary and no issue remains with regard to the length of Nauss' term;  thus, no controversy.   Under these circumstances any attempt to challenge Nauss' right to his office would properly be brought as a quo warranto action.   Moreover, Bowen does not have standing to institute such an action.   He has asserted no individual grievance nor a right or interest, as distinguished from the right or interest of the public generally, nor has he alleged that he has been specially damaged.   *Spykerman v. Levy,* 491 Pa. 470, 421 A.2d 641 (1980).

We conclude that, in addition to Bowen's lack of standing to bring this declaratory judgment action, he has failed to show that a controversy exists between himself and the Township that can be ended by the relief sought under the DJA. Accordingly, we affirm the trial court's grant of the Township's preliminary objections and its dismissal of Bowen's complaint.

### *ORDER*

NOW, June 15, 1994, the order of the Court of Common Pleas of Lancaster County, at Docket No. 1993–2493, is affirmed.