660 A.2d 1324

**Leroy HAYWOOD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE, Appellee,**

**and**

**Municipality of Penn Hills, Co–Appellee.**

Supreme Court of Pennsylvania,
Middle District.

Submitted June 23, 1995.

Decided June 27, 1995.

Sean T. Welby, Haywood, for appellant.

John M. Shugars, for Pa. State Police.

August C. Damian, for Penn Hills.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The appellant, Leroy Haywood, was employed as a police officer in the municipality of Penn Hills. In 1993, the Pennsylvania State Police (state police) terminated appellant's access to the Commonwealth Law Enforcement Assistance Network (CLEAN). CLEAN is a computerized system that allows law enforcement personnel to obtain information from the Pennsylvania Department of Transportation regarding vehicle registrations and operator licenses, the state police repository of criminal history information, the National Crime Information Center, and data banks in many other states. Termination of appellant's access to this system was based on an investigation revealing that appellant used CLEAN to supply vehicle registration information to a private citizen who was subsequently arrested for dealing narcotics. Specifically, appellant provided information about a registration plate on an automobile used by an undercover narcotics officer. This was in violation of requirements that CLEAN be used only for legitimate law enforcement purposes.

Subsequently, Penn Hills suspended appellant from employment and made his return to service dependent on reestablishment of his access to CLEAN. Appellant responded by filing in the Commonwealth Court a petition for review in the nature of a complaint in mandamus against the state police and Penn Hills. He sought to have the state police ordered to reinstate his access to CLEAN until holding a hearing and issuing an adjudication on the matter, and requested that Penn Hills be ordered to reinstate him to active employment with all back pay and benefits.

Appellant filed a motion for judgment on the pleadings. The court, in a memorandum decision, denied the motion and

dismissed appellant's complaint in mandamus. The present appeal ensued.

 Appellant asserts that sanctions for improper use of vehicle registration information should have been invoked in accordance with the Criminal History Record Information Act (Act), 18 Pa.C.S. § 9101 et seq. The Act provides administrative sanctions for those who violate its requirements. Appellant reasons that such sanctions can only be imposed after a hearing and adjudication pursuant to the Administrative Agency Law, 2 Pa.C.S. § 504, which provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." Appellant's argument is without merit, inasmuch as the Act is plainly inapplicable to the dissemination of vehicle registration information. The Act governs collection and dissemination of "criminal history record information." This is defined in the Act, in pertinent part, as "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom." 18 Pa.C.S. § 9102. Vehicle registration information is clearly not criminal history record information; hence, appellant's argument fails.

 Appellant next asserts that he had a statutory right of access to CLEAN, and that the termination of that right constituted an agency adjudication for which a hearing was required under 2 Pa.C.S. § 504, supra. As the source of his statutory right he cites the Administrative Code of 1929, 71 P.S. § 250(f), which provides as follows with regard to a duty of the state police to make certain information available for police officers in the Commonwealth.

The Pennsylvania State Police shall have the power and its duty shall be:

. . . .

(f) To collect and classify, and keep at all times available, complete information useful for the detection of crime, and the identification and apprehension of criminals. Such information shall be *available for all police officers* within the Commonwealth, under such regulations as the Commissioner of Pennsylvania State Police may prescribe.

(Emphasis added).

Appellant contends that this provision gives every police officer a right to obtain information collected by the state police. However, even assuming arguendo that officers have a right to obtain information from the state police in accordance with applicable regulations, this does not mean that every officer has a right to use CLEAN. Access to CLEAN is provided by contract. In this case, a contract was entered between the state police and the municipality of Penn Hills. It created no right for any individual officer to access the system; rather, it provided a right of access for the municipality. Since appellant's access to CLEAN was not a matter of individual right, no hearing was required before prohibiting him from using the system. Mandamus against the state police was properly denied. See *Relosky v. Sacco,* 514 Pa. 339, 344, 523 A.2d 1112, 1115 (1987) (mandamus is appropriate only where plaintiff has clear legal right and defendant has corresponding duty).

■ Finally, insofar as appellant's request that Penn Hills be ordered to reinstate him to active employment with back pay and benefits, the record makes it clear that an appropriate forum for review of this matter is provided by the labor agreement between Penn Hills and appellant's union. Mandamus is not, therefore, an appropriate remedy. See *Relosky v. Sacco,* 514 Pa. at 344, 523 A.2d at 1115 (mandamus is not appropriate where another adequate remedy exists).

Hence, the Commonwealth Court did not err in denying appellant's motion for judgment on the pleadings and dismiss-

ing the petition for review in the nature of a complaint in mandamus.

Order affirmed.

MONTEMURO, J., is sitting by designation.