COMMONWEALTH of Pennsylvania,
OFFICE OF the GOVERNOR,
Petitioner,

v.

Sean DONAHUE and the Office of
Open Records, Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Jan. 23, 2013.

Reargument Denied Feb. 22, 2013.

Thomas P. Howell, Assistant Counsel, Harrisburg, for petitioner.

Charles Rees Brown, Senior Attorney, Harrisburg, for respondent Office of Open Records.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge (P.) and BROBSON, Judge.

OPINION BY Judge BROBSON.

Before the Court are the cross-applications for summary relief filed by Petitioner Office of the Governor (the Office) and Respondent Office of Open Records (OOR). The Office seeks a declaratory judgment that under Section 901 of the Right–to–Know Law (RTKL) [1] the five-day timeframe within which an agency is required to respond to a written request for records begins on the day on which an

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.901.

agency's open-records officer receives the request. The Office initiated this action in response to a decision of OOR, which concluded that the five-day timeframe within which an agency is required to respond to a written request for records begins on the day on which *any* agency employee receives the request. We now grant the Office's application for summary relief and deny OOR's cross-application for summary relief.

On March 7, 2012, Sean Donahue (Donahue) submitted a written request for records pursuant to the RTKL vi a e-mail to the Office, seeking various budgetary and employment records. (OOR Opinion at 1.) On March 19, 2012, the Office of General Counsel (OGC) issued a letter to Donahue, stating that on March 12, 2012, Donahue's request was received by the open-records officers of the Office and other agencies to which the request was also directed, but that the request was not directly received by the open-records officers from Donahue. (*Id.* at 2.) The letter further provided that OGC was issuing a response on behalf of the agencies, granting the request in part and denying the request in part for various reasons. (*Id.*)

On March 29, 2012, Donahue timely appealed to OOR. (*Id.*) In addressing Donahue's appeal, OOR determined that Donahue's request was deemed denied. (*Id.* at 5.) OOR stated that under Section 901 of the RTKL, "[i]f the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." (*Id.*) OOR reasoned that Section 703 of the RTKL[2] provides that "[a] written request must be addressed to the open-records officer designated pursuant to [S]ection 502 [of the RTKL],"[3] and

that "[e]mployees of an agency shall be directed to forward requests for records to the open-records officer." (*Id.*) OOR determined that Donahue sent the request on March 7, 2012, to several recipients, including an employee of the Office, with the subject line of the e-mail providing "FOIA & Right to Know Request—Multiple Agency—(Regarding Luzerne County)." (*Id.*) OOR also noted that the body of the e-mail included a salutation addressed to the Office. (*Id.*) OOR, therefore, concluded that any Office employee receiving the e-mail had an obligation to forward the e-mail to the Office's open-records officer to issue a response within five business days (*i.e.,* on or before March 14, 2012). (*Id.*)

OOR recognized that the Office's open-records officer attested that the Office did not receive a copy of the request until March 12, 2012, but OOR cited one of its own opinions for the proposition that "[an agency's] error in processing [a request] does not alter the agency's responsibility to timely respond under the RTKL." (*Id.* at 6 (alterations in original).) OOR reasoned that the request showed that it was e-mailed to an Office employee and that the e-mail indicated that the request was made pursuant to the RTKL. (*Id.*) OOR further reasoned that the affidavit did not indicate that the e-mail sent on March 7, 2012, was not received by the Office. (*Id.*) Thus, OOR determined that the Office received the request on March 7, 2012, and that the request clearly put the Office and its employees on notice that a response under the RTKL was required within five business days. (*Id.*) OOR concluded that because the Office did not issue a response by March 14, 2012, the request was deemed denied. (*Id.* at 5.) Ultimately, however, OOR denied Donahue's appeal,

---

2. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.703.

3. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.502.

concluding that the request was insufficiently specific. (*Id.* at 8.)

On May 24, 2012, the Office filed the subject action with this Court, seeking, in part, a declaration that OOR is misinterpreting the RTKL with respect to the commencement of the five-day response time listed in Section 901 of the RTKL.[4]

The purely legal issue now before the Court is whether Section 901 of the RTKL requires an agency to respond to a written request for records within five days of the request's receipt by the agency's open-records officer *or* by any agency employee.[5]

The Office contends, *inter alia,* that the plain language of Section 901 of the RTKL is clear and unambiguous, providing that the five-day timeframe within which an agency must respond to a written request for records commences when the "written request is received by the open-records officer for an agency."

OOR presents several arguments supporting the conclusion that an agency's response time commences when *any* agency employee receives the request. OOR contends that its interpretation is the only logical, internally consistent reading of Section 901 of the RTKL, as it is in accordance with the plain language of Section 901's provisions. Furthermore, OOR argues that in *Pennsylvania Gaming Control Board v. Office of Open Records,* 48 A.3d 503 (Pa.Cmwlth.2012)(*PGCB* ), this Court held that the five-day response time listed in Section 901 commences upon re-

---

**4.** The Office originally filed the matter as a dual jurisdiction action against Donahue and OOR. By order dated July 2, 2012, this Court quashed the appellate jurisdiction count based on lack of standing, because the Office was not "aggrieved" by the order but merely disagreed with an issue decided against it. The Court also dismissed Donahue as a party to the action, because the relief sought in the original jurisdiction count may only be granted against OOR and not Donahue.

**5.** This Court may grant summary relief under Pennsylvania Rule of Appellate Procedure 1532(b) "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter . . . if the right of the applicant thereto is clear." Furthermore, this Court has previously stated the following:

> The purpose of the Declaratory Judgments Act (Act), 42 Pa.C.S. §§ 7531–7541, is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and the Act is to be liberally construed and administered. 42 Pa.C.S. § 7541(a). However, a party seeking a declaratory judgment must allege an interest which is direct, substantial and present, and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of its legal rights. *Bowen v. Mount Joy Town-*

*ship,* 165 Pa.Cmwlth. 101, 644 A.2d 818, *appeal denied,* 539 Pa. 682, 652 A.2d 1326 (1994). Declaratory judgment must not be employed to determine rights in anticipation of events that may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic. *Gulnac by Gulnac v. South Butler County School District,* 526 Pa. 483, 587 A.2d 699 (1991).

*Waslow v. Pa. Dep't of Educ.,* 984 A.2d 575, 580–81 (Pa.Cmwlth.2009).

In its cross-application for summary relief, OOR presents arguments concerning our jurisdiction over this declaratory judgment action. In a single-judge order issued on August 28, 2012, this Court dismissed OOR's preliminary objections as they related to these arguments. Consequently, we decline to address the same challenges to our jurisdiction or take any position on the merit of the Court's July 2, 2012 or August 28, 2012 orders in this case. *See Commonwealth v. Fletcher,* 604 Pa. 493, 521 n. 20, 986 A.2d 759, 776 n. 20 (2009) (providing that "[t] he 'law of the case' doctrine[ ] refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter").

ceipt of a request by an agency. Among other policy arguments, OOR contends that the Office's interpretation would prohibit a requester from knowing when the deadline to appeal begins to run and would prevent OOR from knowing when an appeal is timely. Moreover, OOR essentially argues that the Office's interpretation would make the commencement of the response time dependent on agency discretion and would incentivize agencies to delay forwarding requests in order to gain more time to respond or enable agencies to refuse to respond until the agency's open-records officer receives the request.

At the outset, we note that Section 502 of the RTKL requires all agencies to designate an open-records officer. 65 P.S. § 67.502(a)(1). Furthermore, an agency's open-records officer is the only person authorized to handle requests made pursuant to the RTKL. *Id.* § 67.502(b); *PGCB*, 48 A.3d at 509. With this in mind, we now consider the proper interpretation of Section 901 of the RTKL. That section provides, in relevant part:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort ... to respond as promptly as possible under the circumstances existing at the time of the request.... The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901.

■ When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which provides that "[t]he object of all interpretation and construction of statutes

is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa.C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa.Cmwlth.), *appeal denied*, 546 Pa. 668, 685 A.2d 547 (1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 577 Pa. at 123, 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

■ Under the plain language of Section 901 of the RTKL, "[t]he time for response [to a request] shall not exceed five business days from the date the written request is received *by the open-records officer for an agency.*" (Emphasis added). We agree with the Office that the statutory language is unambiguous: once the open-records officer for an agency, *not* any agency employee, receives a written request for records, the agency has five business days to respond to the request. Based on this conclusion, there is no need to resort to other indicia of legislative intent. *See* 1 Pa.C.S. § 1921(b)-(c); *Meier v.*

*Maleski,* 670 A.2d 755, 759 (Pa.Cmwlth. 1996) ("When the language of a statute is clear and free from all ambiguity, any further deliberation as to its meaning is unwarranted."), *aff'd,* 549 Pa. 171, 700 A.2d 1262 (1997).

Given our conclusion above, we do not agree that the plain language of Section 901 of the RTKL indicates that the calculation of the time within which an agency must respond to a written request for records begins upon receipt of the request by any agency employee. OOR argues that under the last sentence of Section 901, a written request for access is deemed denied if an "agency" fails to respond to the written request within five business days and, based on that language, the five-day response time must commence when the "agency" receives the request. This interpretation would require us to ignore the language of Section 901 specifically referring to receipt of the written request "by the open-records officer for an agency." Because OOR's interpretation would prohibit us from giving effect to all of Section 901's provisions, we reject OOR's argument. *See* 1 Pa.C.S. §§ 1921(a), 1922(2); *Walker,* 577 Pa. at 123, 842 A.2d at 400.

We also reject OOR's contention that in *PGCB,* this Court held that the five-day response period commences upon the receipt of a written request for records by an agency as opposed to an agency's open-records officer. OOR mischaracterizes our holding in *PGCB.* In that case, which involved an agency's failure to respond altogether to a written request for records, we held that a written request for records did not need to cite the RTKL or be submitted via a particular request form in order to be valid. *PGCB,* 48 A.3d at 505, 508–10. We also interpreted Section 703 of the RTKL to mean that a request need not be specifically addressed to an agency's open-records officer (*i.e.,* contain a formal salutation naming the open-records officer) in order to be valid. *Id.* at 509. Rather, a request need only be directed to an agency's open-records officer. *Id.*

Our conclusions in *PGCB,* as stated above, concerned the substance and form of a written request for records and whether an agency was entitled to ignore such a request. Importantly, we did not render a decision regarding when the five-day timeframe within which an agency must respond to a written request for records commences. Rather, we simply affirmed OOR's "holding that [the requester] had the right to deem his request denied and to appeal that denial," concluding (1) that the requester was entitled to deem his request denied because the agency did not take any action on the request within five days, and (2) that OOR "did not err in holding that the [agency]'s refusal to respond to [the] request was a deemed denial, which triggered the [RTKL] remedies." *Id.* at 511–13. Our decision in *PGCB,* therefore, has no impact on our holding here, as a requester still has the ability to deem his request denied and pursue the remedies available to him under the RTKL. Once a requester files an appeal, it will be left to OOR to consider whether and when a request was received by an agency's open-records officer and decide the appeal accordingly.[6]

---

6. As a result of our analysis above, we reject OOR's argument that our interpretation would prohibit a requester from knowing when the deadline to appeal begins to run. Moreover, OOR's contention that our interpretation would prevent OOR from knowing whether an appeal is timely is without merit.

Section 502 of the RTKL requires an open-records officer to note the date of receipt of the request on the request itself, "[c]ompute the day on which the five-day period under [S]ection 901 [of the RTKL] will expire[,] and make a notation of that date on the written request." 65 P.S. § 67.502. Given that the

Finally, we reject any notion that under our interpretation, an agency will be inclined to act in bad faith by delaying the transmission of a request from its employees to its open-records officer,[7] or to refuse to respond to a request until the request reaches its open-records officer. No rule of law requires this Court to presume that an agency will act in bad faith in complying with its statutory duties. Rather, we presume here that every agency attempts to comply with the RTKL in good faith. *See In re Condemnation by Urban Redevelopment Auth. of Pittsburgh*, 527 Pa. 550, 560, 594 A.2d 1375, 1380 (providing that decision of planning "commission to designate an area for redevelopment . . . . is an internal decision made by a government body presumed to perform its duties in good faith and according to law"), *cert. denied sub. nom E–V Co. v. Urban Redevelopment Auth. of Pittsburgh*, 502 U.S. 1004, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991); *see also In re Condemnation by Redevelopment Auth. of Lancaster of Real Estate in Lancaster*, 682 A.2d 1369, 1372 (Pa.Cmwlth.1996)("The law presumes that public officials perform their duties in good faith."), *appeal denied*, 547 Pa. 758, 692 A.2d 567 (1997). Moreover, the RTKL requires an agency to "make a good faith effort . . . to respond [to a written request for records] as promptly as possible under the circumstances existing at the time of the request" and obliges an agency employee who receives a request to forward the request to the agency's open-records officer. *See* 65 P.S. §§ 67.703, .901;

*PGCB*, 48 A.3d at 510.[8] Thus, although an agency may exercise some discretion in handling a request before the request reaches the agency's open-records officer, an agency will presumably act in good faith and respond to such requests as promptly as possible.

For the reasons set forth above, we grant the Office's application for summary relief and deny OOR's cross-application for summary relief. Based on the Statutory Construction Act of 1972, we conclude that Section 901 of the RTKL requires an agency to respond to a written request for records within five days of the request's receipt by an agency's *open-records officer.*

### ORDER

AND NOW, this 23rd day of January, 2013, the application for summary relief filed by the Office of the Governor in the above-captioned matter is hereby GRANTED. The cross-application for summary relief filed by the Office of Open Records is DENIED.

---

open-records officer is charged with these obligations under Section 502, our interpretation of Section 901 has no effect on OOR's ability to determine whether an appeal is timely.

7. OOR correctly notes that, while agency employees must "be directed to forward requests for records to the open-records officer" under Section 703 of the RTKL, there is no deadline

by which agency employees must forward such requests.

8. Importantly, an agency cannot refuse to answer a request based on the requester's failure to submit his request to the open-records officer. *See* 65 P.S. § 67.703; *PGCB*, 48 A.3d at 508–09.