# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Hobart,                                    :
                 Petitioner         :
                            :
       v.                                     :    No. 462 M.D. 2017
                            :    Argued:  September 14, 2018
Commonwealth of Pennsylvania,            :
Governor's Office of Administration,       :
Pennsylvania State Police and the            :
Pennsylvania Department of                    :
Transportation,                                     :
                 Respondents      :


**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**              HONORABLE ANNE E. COVEY, Judge**
**              HONORABLE DAN PELLEGRINI, Senior Judge (P.)**


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED:  October 31, 2018**


Before the Court in our original jurisdiction are the preliminary objections of the Commonwealth of Pennsylvania, Governor's Office of Administration (OA), Pennsylvania Department of Transportation (PennDOT), and Pennsylvania State Police (PSP) (collectively, Respondents) to an amended petition for review (Petition) filed by Charles Hobart (Hobart).  In the Petition, Hobart challenges actions taken by Respondents to ban him permanently from accessing information systems housed or operated by Respondents without providing due process.  We now overrule Respondents' preliminary objections.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

With the above standard in mind, we accept as true the following allegations from the Petition. Hobart worked as a police officer with the Northern Berks Regional Police Department (Department). (Pet. at ¶ 13.) During his time as a police officer, Hobart had access to multiple electronic record dissemination systems. (Pet. at ¶ 14.) Among these electronic record dissemination systems were (1) the Pennsylvania Justice Network (JNET), which is housed by OA; (2) the Commonwealth Law Enforcement Assistance Network (CLEAN), which is operated by PSP; and (3) an information system maintained and operated by PennDOT. (Pet. at ¶¶ 8-10.) Respondents operate their respective systems collaboratively with one another. (Pet. at ¶ 11.)

In September 2016, the Department suspended and subsequently terminated Hobart's employment due to misconduct, which included Hobart improperly accessing JNET, CLEAN, and PennDOT's information system. (Pet.

2

at ¶ 15.) Through his labor organization, Hobart filed a grievance pursuant to the parties' collective bargaining agreement. (Pet. at ¶ 17.) During the pendency of the grievance, Hobart's employer took steps to revoke Hobart's access to Respondents' information systems without providing Hobart prior notice. (Pet. at ¶ 18.) Subsequently, Hobart's grievance was denied and the matter proceeded to binding arbitration. (Pet. at ¶ 17.)

In or about February 2017, OA revoked Hobart's JNET privileges. (Pet. at ¶ 19.) Hobart received no notice regarding these actions. (*Id.*) As of the date of filing of the Petition, Hobart had yet to receive any notice from OA regarding the termination of his JNET privileges. (*Id.*)

On or about May 30, 2017, the arbitrator issued an arbitration award, determining that just cause did not exist for Hobart's termination. (Pet. at ¶ 23.) Accordingly, the arbitrator converted Hobart's termination to a suspension with time served and directed the Department to reinstate Hobart's employment. (*Id.*) Subsequently, Hobart contacted the Department's Chief of Police, inquiring as to when he should return to work. (Pet. at ¶ 24.) The Chief of Police informed Hobart that his suspension remained active, and he was not to report to work. (*Id.*)

Thereafter, Hobart learned that PSP and PennDOT apparently revoked and declined to reinstate his access to their respective information systems. (Pet. at ¶ 25.) Neither PSP nor PennDOT served Hobart with notice of their actions. (*Id.*) Hobart attempted to appeal PSP's decision, but PSP did not answer or otherwise acknowledge the appeal. (Pet. at ¶ 26.)

The Department subsequently filed a petition to vacate the arbitration award in the Court of Common Pleas of Berks County (trial court), asserting that Hobart could not work as a police officer without access to Respondents'

information systems. (Pet. at ¶ 32.) The trial court granted the motion and vacated the arbitration award. (Pet. at ¶ 33.) Hobart appealed the trial court's grant of the motion to vacate the award to this Court. Hobart's appeal is docketed as *Northern Berks Regional Police Commission v. Berks County Fraternal Order of Police, Lodge #71*, 254 C.D. 2018.

Subsequently, Hobart filed the instant Petition, seeking reinstatement of his access to JNET, CLEAN, and PennDOT's information system. Hobart alleges that Respondents refuse to grant Hobart access to their information systems but have not provided notice of such decisions. (Pet. at ¶¶ 25, 27-28.) Hobart asserts that Respondents are denying him access to tools that the Department contends he needs in order to fully perform his duties, thereby depriving him of his property interest in continued employment without first affording him any form of due process. (Pet. at ¶¶ 45-46.)

In response, Respondents filed separate motions to quash and, alternatively, preliminary objections. For the purposes of the motions to quash, Respondents construed the Petition as an attempted appeal of Respondents' decisions to deny Hobart access to their systems. Respondents sought to quash the Petition on procedural and jurisdictional grounds. By order dated March 6, 2018, this Court denied Respondents' motions to quash, opining that the Petition is arguably in the nature of a mandamus action and is properly docketed in the Court's original jurisdiction.

Respondents' preliminary objections challenge the sufficiency of the Petition. Analyzing the Petition as an action in mandamus, Respondents assert that Hobart failed to plead either a clear legal right to access to their respective systems or a corresponding duty in Respondents to provide such access. Further,

Respondents object to this Court's jurisdiction over the matter, asserting that Hobart is seeking enforcement of the arbitration award and that an employer's failure to comply with such an award would constitute an unfair labor practice, over which the Pennsylvania Labor Relations Board has exclusive jurisdiction. Additionally, PennDOT objects to the specificity of the Petition. PennDOT argues that Hobart's allegations that PennDOT failed to provide him due process are vague, as Hobart failed to state with specificity when the denial occurred or why he is entitled to due process.

Although Respondents analyze the Petition as an action in mandamus, the Court's further review reveals that Hobart has pleaded a declaratory judgment action in the Court's original jurisdiction, asserting a denial of due process. Actions for declaratory judgment are governed by the Declaratory Judgments Act, 42 Pa. C.S. §§ 7531-7541. The purpose of the Declaratory Judgments Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and [the Declaratory Judgments Act] is to be liberally construed and administered." 42 Pa. C.S. § 7541(a). An action brought under the Declaratory Judgments Act "'must allege an interest by the party seeking relief which is direct, substantial and present . . . and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights.'" *Bowen v. Mount Joy Twp.*, 644 A.2d 818, 821 (Pa. Cmwlth.) (quoting *Pa. Institutional Health Servs., Inc. v. Dep't of Corr.*, 631 A.2d 767, 771 (Pa. Cmwlth. 1993), *aff'd per curiam*, 640 A.2d 413 (Pa. 1994)), *appeal denied*, 652 A.2d 1326 (Pa. 1994). Granting or denying an action for a declaratory judgment is committed to the sound discretion of a court of original jurisdiction. *Gulnac by Gulnac v. S. Butler Cty. Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991).

5

Here, Hobart alleges an interest in his employment. Specifically, Hobart avers that he has a property interest in his continued employment under what is referred to as the Police Tenure Act,[1] and that access to JNET, CLEAN, and PennDOT's information system is incidental to his employment as a police officer. Section 2 of the Police Tenure Act provides that a police officer may be suspended, removed, or reduced in rank for:

> (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty.

53 P.S. § 812. Hobart asserts that Respondents are denying him access to their respective information systems, systems to which the Department contends Hobart must have access in order to perform his duties. (Pet. at ¶ 45.) As the Department refuses to allow Hobart to work without access to these systems, Hobart alleges that Respondents are effectively depriving him of his property interest in his employment without due process of law. (*Id.*)

With the foregoing in mind, we now turn to Respondents' preliminary objections. Respondents' first preliminary objection is that Hobart failed to plead both a clear right to access Respondents' information systems and a mandatory duty in Respondents to provide such access. In so arguing, Respondents assert that Hobart has no right to access their information systems. In support of this position, Respondents direct this Court's attention to *Haywood v. Pennsylvania State Police*, 660 A.2d 1324 (Pa. 1995).

---

[1] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811-816.

6

In *Haywood*, PSP revoked a police officer's (Haywood) CLEAN access after an investigation revealed that Haywood provided information from CLEAN to a private citizen, in violation of the requirement that CLEAN only be used for legitimate law enforcement purposes. Subsequently, Haywood's employer suspended him and conditioned his reinstatement dependent on the reestablishment of his CLEAN access. Haywood filed a petition for review in the nature of mandamus in this Court, seeking an order directing PSP to reestablish his CLEAN access until PSP held a hearing and issued an adjudication on the matter. Haywood then filed a motion for judgment on the pleadings, and this Court denied the motion and dismissed the petition for review.

On appeal to the Supreme Court, Haywood argued that he had a statutory right to CLEAN access and that PSP's revocation constituted an agency adjudication for which a hearing was required. Haywood asserted that his statutory right to CLEAN access stemmed from Section 710(f) of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 250(f), which provides:

> The [PSP] shall have the power and its duty shall be:
>
> > . . .
>
> > (f) To collect and classify, and keep at all times available, complete information useful for the detection of crime, and the identification and apprehension of criminals. *Such information shall be available for all police officers within the Commonwealth*, under such regulations as the Commissioner of [PSP] may prescribe.

(Emphasis added.) The Supreme Court rejected Haywood's argument, opining:

> [Haywood] contends that this provision gives every police officer a right to obtain information collected by [PSP]. However, even assuming arguendo that officers have a

7

right to obtain information from [PSP] in accordance with applicable regulations, this does not mean that every officer has a right to use CLEAN. Access to CLEAN is provided by contract. In this case, a contract was entered between [PSP] and [Haywood's employer]. It created no right for any individual officer to access the system; rather, it provided a right of access for the municipality. Since [Haywood's] access to CLEAN was not a matter of individual right, no hearing was required before prohibiting him from using the system. Mandamus against [PSP] was properly denied.

*Haywood*, 660 A.2d at 1325-26.

While we agree with Respondents that police officers do not have a statutory right to access their respective information systems, we view *Haywood* as distinguishable from the instant matter. The police officer in *Haywood* argued that he had a statutory right to CLEAN access. Here, Hobart makes no such claim. Instead, Hobart claims to have a property interest in his employment, which, as Hobart alleges, is effectively extinguished by Respondents' decisions to revoke his access to JNET, CLEAN, and PennDOT's information system. This argument was not raised in *Haywood*, nor does the Supreme Court's opinion provide any guidance to that end.

Further, Hobart is conceivably arguing that access to JNET, CLEAN, and PennDOT's information system is not a right; rather, these accesses are privileges. Privileges that—similar to a driver's license—can only be revoked when preceded by procedural due process. *See Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996) ("[I]t is beyond peradventure that procedural due process must be met before one's operating privilege can be revoked."). With respect to privileges such as driver's licenses, the United States Supreme Court opined:

8

> Once licenses are issued, . . . their continued possession may become essential in the pursuit of livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege."

*Bell v. Burson*, 402 U.S. 535, 539 (1971) (citations omitted).

Here, it is clear from the Petition that access to JNET, CLEAN, and PennDOT's information system are critical to Hobart's functions as a police officer. Hobart pleaded that the Department will not reinstate his employment without access to these systems. (Pet. at ¶ 31.) Thus, Hobart's access to JNET, CLEAN, and PennDOT's information system—much like the driver's license in *Bell*—is conceivably essential to the pursuit of his livelihood. If such is the case, and Hobart's access to these systems is a privilege protected by due process, then the law does not make clear that Hobart cannot succeed on his claim, which is required in order to sustain preliminary objections. *See Meier*, 648 A.2d at 600. At this stage of the proceedings, it is not clear that the law does not afford Hobart relief. Accordingly, we overrule Respondents' first preliminary objection.

Next, Respondents argue that this Court is without original jurisdiction over the matter. To this point, Respondents aver that Hobart is seeking judicial review of a governmental determination, and that, pursuant to 42 Pa. C.S. § 763, such review is properly addressed to this Court's appellate jurisdiction. This argument, again, mischaracterizes the nature of the Petition. Hobart is not attempting to appeal any purported determinations by Respondents. Rather, Hobart is seeking relief from an alleged deprivation of his interest in employment without

9

first receiving due process. A declaratory judgment action filed in this Court's original jurisdiction is the proper manner for Hobart to seek such relief. *See* 42 Pa. C.S. § 761(a). Thus, Respondents' preliminary objection to jurisdiction is overruled.

Finally, PennDOT alone objects to the sufficiency of the Petition, arguing that Hobart failed to state with specificity when the denial of due process occurred or why he is entitled to due process. The practice and procedure governing civil actions apply to actions for declaratory judgment. Pa. R.C.P. No. 1601. A complaint must state the "material facts on which a cause of action or defense is based . . . in a concise and summary form." Pa. R.C.P. No. 1019(a). This rule is satisfied if the allegations in a pleading contain averments of all facts the plaintiff must eventually prove in order to recover, and the averments are sufficiently specific to enable the adverse party to prepare a defense. *Unified Sportsmen of Pa. v. Pa. Game Comm'n (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008). A complaint must provide the defendant with notice of what the plaintiff's claim is and the grounds upon which it rests, and formulate the issues by summarizing those facts essential to support the claim. *Id.*

Here, we determine that Hobart has met the requirements of Pa. R.C.P. No. 1019. With respect to when the denial occurred, Hobart pleaded that, to the best of his knowledge, PennDOT made a determination to deny Hobart access to its information system without communicating the decision to Hobart. (Pet. at ¶ 27.) Further, Hobart pleaded that he attempted to appeal PSP's denial to PSP, but has never received any answer—or acknowledgment whatsoever—from PSP. (Pet. at ¶ 26.) Such pleading satisfies the standard of Pa. R.C.P. No 1019(a), such to enable PennDOT to prepare a defense.

10

With respect to Hobart specifically pleading why he is entitled to due process, Hobart pleaded that he has a property interest in his employment, pursuant to the Police Tenure Act. Due process must precede any deprivation of this interest. As Hobart alleges that the Department refuses to allow Hobart to work without access to these systems, Hobart alleges that Respondents are effectively depriving him of his interest in his employment without first affording him due process. This, too, meets the necessary standard of specificity for Pa. R.C.P. No. 1019(a). Thus, PennDOT's objection to specificity is overruled.

Accordingly, we overrule Respondents' preliminary objections and direct Respondents to file an answer to the Petition within thirty days of this order.

P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Hobart, :
                        Petitioner :
                                   :
                                   :
        v.                         : No. 462 M.D. 2017
                                   :
Commonwealth of Pennsylvania,      :
Governor's Office of Administration, :
Pennsylvania State Police and the  :
Pennsylvania Department of         :
Transportation,                    :
                        Respondents :

# **O R D E R**


        AND NOW, this 31st day of October, 2018, the preliminary objections of the Commonwealth of Pennsylvania, Governor's Office of Administration, Pennsylvania Department of Transportation, and Pennsylvania State Police (collectively, Respondents) to the Amended Petition for Review (Petition) filed by Charles Hobart are OVERRULED.  Respondents are directed to file a response to the Petition within thirty days of this order.


_____
P. KEVIN BROBSON, Judge