587 A.2d 699

Rebekah GULNAC, a minor and student, by John GULNAC, her parent and natural guardian, and John Gulnac in his own right; Bradley Habenicht, a minor and student, by Mary Clare Habenicht, his parent and natural guardian, and Mary Clare Habenicht in her own right; David M. Sinz, a minor and student, by David Sinz, his parent and natural guardian, and David Sinz in his own right; Amy Horne, a minor and student, by George Horne, her parent and natural guardian, and George Horne, in his own right,

v.

SOUTH BUTLER COUNTY SCHOOL DISTRICT; Directors of the South Butler County School District; Doris Antoszyk, Geraldine Freehling, Kathryn Helfer, Carl Jones, James Kennedy, Bonnie Miller, Erma Mowry, Richard Sefton and H.F. Westerman; South Butler County Education Association; and Jay Reinbolt, Ray Greco, Jacqueline Pieffer and Lynn Sontum, Officers of the South Butler Education Association, and All Unnamed Teachers and Professional Employees Who Are Employed by the South Butler County School District Who Are Members of the South Butler County School District.

Appeal of SOUTH BUTLER COUNTY EDUCATION ASSOCIATION; and Jay Reinbolt, Ray Greco, Jacqueline Pieffer and Lynn Sontum, Officers of the South Butler Education Association, and All Unnamed Teachers and Professional Employees Who Are Employed by the South Butler County School District Who Are Members of the South Butler County School District.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1990.

Decided March 8, 1991.

484

Ronald N. Watzman, Litman, Litman, Harris, Brown & Watzman, P.C., Daniel R. Delaney, Laubach, Fulton, Jeselnik & Delaney, Pittsburgh, for appellants.

Lynne L. Wilson, Mary Catherine Frye, Harrisburg, for amicus curiae Pennsylvania State Educ. Ass'n.

Louis Kushner, Alaine S. Williams, Pittsburgh, for amicus curiae Pennsylvania Federation of Teachers, Pennsylvania AFL–CIO.

Calvin R. Koons, Sandra W. Stoner, Office of Atty. Gen., Harrisburg.

William D. Kemper, Richard W. Givan, Gwilyn A. Price, III, Butler, for Rebekah Gulnac, et al.

Robert W. Beilstein, Harry K. McNamee, Thomas W. King, III, Pittsburgh, for South Butler County School Dist., et al.

Stephen S. Russell, New Cumberland, for amicus curiae Pennsylvania School Boards Ass'n.

David P. Andrews, Altoona, for amicus curiae, Penn. Cambria School Dist.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

After having exhausted all statutory impasse procedures, Appellant, the South Butler Education Association, engaged in a work stoppage from January 16, 1989 until March 13, 1989, at which time the teachers, without a contract, voluntarily returned to work.

The South Butler County School District Board of School Directors, at no time, sought an injunction restraining the work stoppage. On or about February 15, 1989, Appellees, a number of parents and students, commenced an action in the Court of Common Pleas of Butler County to (a) enjoin

the work stoppage and/or (b) declare the limited right of public school teachers to strike permitted by the Public Employee Relations Act (Act 195, 43 P.S. § 1101.1001, et seq.) to be repugnant to Article III, Section 14 of the Pennsylvania Constitution (which guarantees the right to an education). Subsequently, Appellees amended their complaint to include a count in mandamus to require the school board to seek an injunction to end the work stoppage. (Preliminary objections filed by both the Education Association and the School District were dismissed by the Court.)

After a hearing held on March 2, 1989, the trial court (per the Honorable Judge John H. Brydon), on March 7, 1989, entered a Decree Nisi declaring that the limited right to strike permitted by Act 195 was unconstitutional. The trial court on March 8, 1989, refused to issue an injunction restraining the work stoppage, however, on the grounds that only the School District Board of Directors itself had standing to seek injunctive relief under Act 195, not Appellees who are students and parents of students. After a second hearing on April 12, 1989, (after the teachers had returned to work) the trial court, on June 9, 1989, entered its final Order merely declaring that the limited right to strike permitted by Act 195 was unconstitutional.

Appellants filed a direct appeal to this Court, as a matter of right, jurisdiction being founded on 42 P.C.S. § 722(7), which provides:

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

. . . . .

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter. . . .

 We hold that the declaratory judgment order entered by the trial court in the instant matter was improper, and must be vacated, and that the instant case must be dismissed, for the following reasons. Once the trial court held that Appellees had no standing to seek injunctive relief against the striking teachers, an issue not presently before us,[1] it becomes moot whether, in the abstract, the teachers had a theoretical right to strike under our Constitution. It was unnecessary to reach the constitutional issue and by doing so, the trial court rendered an advisory opinion which our courts are not entitled to do. The trial court's decision on standing ended this case. The complaint should have been dismissed. In not doing so, the trial court improperly reached to decide a constitutional issue and then decided it in a vacuum where it would have no practical effect on the parties. This was error, and a waste of judicial resources. This Court routinely attempts to avoid deciding cases on the basis of broad constitutional issues if at all possible and our trial courts should adhere to the very same principle. Ordinarily, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. *Greenberg v. Blumberg,* 416 Pa. 226, 206 A.2d 16 (1965). There was an abuse of that discretion here. The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment. *In re: Lifter's Estate,* 377 Pa. 227, 103 A.2d 670 (1954); *Petition of Capital Bank and Trust Co.,* 336 Pa. 108, 6 A.2d 790 (1939); *In re: Quigley's Estate,* 329 Pa. 281, 198 A. 85 (1938). See also, *Liberty Mutual Insurance Co. v. S.G.S.*

1. Money damages were not sought here and the record indicates that the request for mandamus was never acted upon by the trial court. Moreover, no party has filed an appeal or cross-appeal on the standing issue. The matter is briefly discussed, in passing, at pp. 4–5 of the brief filed by Appellees (the parents and children) and baldly contends that Appellees did have standing. Appellee-defendant, the School District itself, did not brief the issue. Appeal on this issue was proper only with the Commonwealth Court.

*Co.*, 456 Pa. 94, 318 A.2d 906 (1974). Further litigation was impossible here because the court held that Appellees lacked standing to pursue it and that determination ended the controversy, rendering the declaratory judgment superfluous and academic only.

██ Only where there is a real controversy may a party obtain a declaratory judgment. *Petition of Capital Bank and Trust Co., supra; In re: Carwithen's Estate*, 327 Pa. 490, 194 A. 743 (1937).

██ A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic. *City of Philadelphia v. Philadelphia Transportation Co.*, 404 Pa. 282, 171 A.2d 768 (1961); *In re: Johnson's Estate*, 403 Pa. 476, 171 A.2d 518 (1961); *Schoenbrun v. Nettrour*, 360 Pa. 474, 61 A.2d 868 (1948); *Kahn v. Wm. Goldman Theatres*, 341 Pa. 32, 17 A.2d 340 (1941); *Ronald H. Clark, Inc. v. Township of Hamilton*, 128 Pa.Commonwealth Ct. 31, 562 A.2d 965 (1989); *Commonwealth, Dept. of General Services v. Celli–Flynn*, 115 Pa.Commonwealth Ct. 494, 540 A.2d 1365 (1988); *Colonial School District v. Romano's School Bus Service, Inc.*, 115 Pa.Commonwealth Ct. 87, 539 A.2d 910 (1988); *Pa. Gamefowl Breeders Ass'n. v. Commonwealth*, —— Pa.Commonwealth Ct. ——, 533 A.2d 838 (1987), *on reconsideration*, —— Pa.Commonwealth Ct. ——, 538 A.2d 645 (1988); *Allegheny County Constables Ass'n. Inc. v. O'Malley*, 108 Pa.Commonwealth Ct. 1, 528 A.2d 716 (1987); *Pa. Independent Petroleum Producers v. Commonwealth, Dept. of Environmental Resources*, 106 Pa.Commonwealth Ct. 72, 525 A.2d 829 (1987), *aff'd.* 520 Pa. 59, 550 A.2d 195 (1988), *cert. denied*, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989). Here, the trial court's decision on standing rendered the constitutional issue moot; future attempts to halt the teachers' strike or collect damages by a party with standing never occurred and, indeed, may never occur in the future—indeed, we cannot anticipate the occurrence of another

strike in the South Butler School District; and the trial court's opinion was thereby rendered academic and advisory only. We have no jurisdiction to consider the merits of declaratory judgment orders entered in error and we will not do so here.

For the reasons stated above, the declaratory judgment orders entered in this matter holding Act 195 unconstitutional must be vacated and the instant case dismissed.

It is so ordered.

McDERMOTT, J., notes his dissent.