The Honorable H. William DeWEESE, Member of the House of Representatives of the Commonwealth, Individually, and On Behalf of the Democratic Caucus of the House of Representatives, Petitioner,

v.

The Honorable Tom RIDGE, Governor of the Commonwealth, The Honorable Thomas B. Hagen, Secretary of Commerce, and The Honorable David Black, Acting Secretary of Community Affairs, Respondents.

Commonwealth Court of Pennsylvania.

Argued June 12, 1996.

Decided Aug. 9, 1996.

Joseph M. Cosgrove, for Petitioners.

Syndi Guido, Deputy General Counsel, for Respondents.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

COLINS, President Judge.

Before us in our original jurisdiction are preliminary objections[1] filed on April 24, 1996 by the Honorable Tom Ridge, Governor of the Commonwealth, the Honorable Thomas B. Hagen, Secretary of Commerce, and the Honorable David Black, Acting Secretary of Community Affairs (collectively, Respondents), to a petition for review in the nature of a complaint for declaratory judgment filed on March 25, 1996, by the Honorable H. William DeWeese, member of the House of Representatives of the Commonwealth of Pennsylvania, individually, and on behalf of the Democratic Caucus of the House of Representatives (Petitioner). Petitioner alleges that Respondents illegally merged the Department of Community Affairs and the Department of Commerce into the new Department of Community and Economic Development in violation of Article IV, Sections 1 and 2, and Article VI, Section 3, of the Pennsylvania Constitution, and in violation of the Reorganization Act of 1955 (Reorganization Act), Act of April 7, 1955, P.L. 23, 71 P.S. §§ 750–1—750–12.

▪ The petition for review seeks to have this Court enter a declaratory judgment that the Respondents, without legislative approval, improperly began eliminating the community affairs and commerce departments, both "duly authorized and statutorily created," and replaced them with a reorganized entity to be known as the Department of Community and Economic Development (DCED). Petitioner contends that by replacing the com-

---

1. In addition to preliminary objections, Respondents, on July 1, 1996, filed a post-argument motion to dismiss Petitioner's action on the grounds of mootness, pursuant to Pa. R.A.P. 1972(4), which motion will be addressed in this opinion.

munity affairs and Commerce departments, Respondents engaged in the arbitrary reorganization and transfer of executive branch entities, personnel, and functions without authority from the General Assembly to do so. In support of their preliminary objections to the petition, Respondents argue that Petitioner's request for a declaratory judgment should be dismissed because (1) no actual, imminent or inevitable controversy exists; (2) Petitioner lacks standing by failing to plead facts establishing direct or immediate injury to Petitioner; (3) Petitioner is seeking adjudication of a non-justiciable, political question; and (4) Petitioner fails to state a cause of action upon which relief can be granted.

Oral argument on Respondents' preliminary objections was heard by this Court sitting en banc on June 12, 1996. On June 27, 1996, Senate Bill 1353 was signed into law by the Governor as the Community and Economic Development Enhancement Act, Act 58 of June 27, 1996, P.L. , (Act 58). Sections 301 and 302 of Act 58 effectively eliminate the Department of Community Affairs, transferring its functions to the newly created DCED and establishing a Center for Local Government Services within DCED. Similarly, Section 2103(c)(2) of Act 58 eliminates the Department of Commerce and transfers its functions to DCED. Section 2104 of Act 58 provides for implementation of its provisions on or before July 1, 1996.

We concur with the averments in Respondents' motion to dismiss and find that Petitioner's request for a declaratory judgment was rendered moot by passage of Act 58, wherein the General Assembly mandates merger of the community affairs and commerce departments into the new entity, DCED. It is well established that "[a] declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic." *Gulnac v. South Butler School District,* 526 Pa. 483, 587 A.2d 699, 701 (1991). Accordingly, in light of the enactment of Act 58, effective July 1, 1996, we dismiss Petitioner's petition for review

and Respondents' preliminary objections thereto as moot, and we grant Respondents' motion to dismiss the petition on mootness grounds.

### ORDER

**AND NOW,** this 9th day of August, 1996, with respect to the above-captioned matter, in consideration of the enactment of Senate Bill 1353, Act 58 of June 27, 1996, P.L., titled the Community and Economic Development Enhancement Act (Act 58), we dismiss Petitioner's petition for review and Respondents' preliminary objections thereto as moot, and we grant Respondents' motion to dismiss the petition on mootness grounds.