IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson, : 
         Petitioner : 
          : 
      v. : 
          : 
Commonwealth of Pennsylvania, :   No. 22 M.D. 2017
         Respondent :   Submitted: June 16, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE             FILED:  November 6, 2017


Filed in this Court's original jurisdiction is the petition of David D. Richardson (Petitioner), in which he requests a declaratory judgment that Pa.R.C.P. No. 240[1] is the proper standard by which an analysis of a party's right to proceed IFP may be made and an IFP-related dismissal does not count as a "strike" for purposes of Section 6602(f)(1) of the Prisoner Litigation Reform Act (PLRA).[2]

---

[1] Rule 240(b) provides, in relevant part, that a party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis* (IFP).  Pa.R.C.P. No. 240(b).  Rule 240(j)(1) permits a court to dismiss an action where a party has requested leave to proceed IFP if the court is satisfied the action is frivolous.  Pa.R.C.P. No. 240(j)(1).

[2] Section 6602(f)(1) provides that a court may dismiss an action filed by a prisoner if that person has filed previous prison conditions litigation and three or more of those civil actions have been dismissed as frivolous or malicious, having failed to state a claim upon which relief may be granted, or if the defendant is entitled to assert a valid affirmative defense which would preclude relief.  42 Pa.C.S. § 6602(f)(1).  In *Payne v. Department of Corrections*, 871 A.2d 795 (Pa. 2005), certain provisions of Section 6602 were held unconstitutional as interfering with the Supreme

The Commonwealth, through the Office of Attorney General (OAG), responded by filing preliminary objections to the Petition for Review. The OAG asserts the following: (1) the Commonwealth cannot be a party to this action; (2) the OAG is not the party to be sued; (3) Petitioner has failed to plead an actual controversy; and (4) an IFP dismissal counts as a "strike" for purposes of Section 6602(f)(1) of the PLRA.

## DISCUSSION

For ease and efficiency of disposition, we will first address the OAG's third preliminary objection.

OAG argues no actual controversy exists in the instant case, and Petitioner has not pleaded facts which demonstrate he has filed an action implicated by the PLRA or that he has been affected, is being affected, or will be affected in the future. As Petitioner has not pleaded facts which suggest he is entitled to relief under the Declaratory Judgment Act (DJA)[3], OAG maintains that the Petition for Review must be dismissed.

Petitioner responds that he has, in fact, been barred from proceeding IFP under the "Three-Strikes Rule" of the PLRA. (Petitioner's Reply Brief at 3.)

The purpose of the DJA is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations…" 42 Pa.C.S. § 7541(a). The DJA is to be liberally construed and administered. *Id.* However, a party seeking a declaratory judgment must allege an interest which is direct, substantial, and present, and must demonstrate existence of an actual controversy

---

Court's rulemaking authority granted by Article V, Section 10(c) of the Pennsylvania Constitution. Section 6602(f), however, was deemed substantive in nature and, thus, Article V, Section 10(c) was not implicated. *Id.* at 804.

[3] 42 Pa.C.S. §§ 7531-7541.

related to the invasion, or threatened invasion, of his legal rights. *Waslow v. Department of Education*, 984 A.2d 575, 580 (Pa. Cmwlth. 2009). Declaratory judgment must not be employed to determine rights in anticipation of events that may never occur or as a medium for the rendition of an advisory opinion which may prove to be purely academic. *Id.* at 580-581. Only where there is a real controversy may a party obtain a declaratory judgment. *Gulnac by Gulnac v. South Butler County School District*, 587 A.2d 699, 701 (Pa. 1991).

Petitioner has failed to plead the existence of a controversy, an element required by Section 7531 of the DJA. While Petitioner alleges he was prevented from proceeding IFP by application of the PLRA, he does not provide a docket number or otherwise indicate the case or controversy in which this happened. Petitioner baldly asserts that the courts have incorrectly interpreted Section 6602(f) of the PLRA.

Pleadings filed by a *pro se* litigant are to be liberally construed. *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987). However, Petitioner has not alleged the existence of an actual controversy, and this Court will not entertain an action for declaratory judgment in anticipation of events that may not occur.

For these reasons, the OAG's third preliminary objection is sustained and the Petition for Review is dismissed. We need not address the OAG's remaining preliminary objections.

_____
JOSEPH M. COSGROVE, Judge

3

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson,                          :
          Petitioner                  :
                                   :
          v.                              :
                                   :
Commonwealth of Pennsylvania,                 :    No. 22 M.D. 2017
          Respondent                 :

## O R D E R

AND NOW, this 6th day of November, 2017, the third preliminary objection of the Office of Attorney General is sustained and Petitioner's Petition for Review is dismissed.

_____
JOSEPH M. COSGROVE, Judge