IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Diaz                                        :
(On behalf of himself and all others             :
similarly situated, as well as                   :
all of the Voters of Dauphin County              :
and the Citizens of Pennsylvania),               :
                              Petitioner         :
                                                 :
                v.                               :        No.  589 M.D. 2020
                                                 :        Submitted:  July 9, 2021
12th Judicial District, aka: Dauphin             :
County Court of Common Pleas;                    :
Honorable John F. Cherry, P.J., in               :
his Official Capacity; Dauphin County            :
Work Release Center; and Director                :
Matthew A. Miller, in his Official Capacity,     :
                              Respondents        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                        FILED:  September 20, 2021


        Eric Diaz (Diaz), *pro se*,[1] petitions this Court for review in the nature

of mandamus alleging that the 12th Judicial District of Pennsylvania violated the

_____

        [1] Throughout his Petition, Diaz styles his argument as a class action suit, utilizing the
phrase "and all others similarly situated" in both the caption and within the text.  This Court has
previously held that a prisoner proceeding *pro se*, such as Diaz, may not commence a class action
lawsuit, as a *pro se* litigant lacks the formal training in the law to adequately represent the interests

separation of powers doctrine of the United States and Pennsylvania Constitutions[2] by operating the Dauphin County Work Release Center (DCWRC) as an agency that is an entity of the Dauphin County Court of Common Pleas.  Diaz also submits an Application for Summary Relief to this Court.  The 12th Judicial District of Pennsylvania, including the Dauphin County Court of Common Pleas; the Honorable John F. Cherry, P.J., in his Official Capacity; the DCWRC; and Director Matthew A. Miller, in his Official Capacity (Respondents),[3] submitted Preliminary Objections (Objections) in response.  Upon consideration, we sustain Respondents' Objections and dismiss Diaz's Petition.  We also deny Diaz's Application for Summary Relief.

## I.        Background and Procedural History

On May 2, 2017, while housed at the DCWRC, Diaz was in possession of a cell phone that was seized and subsequently searched.  Petition at IV.A.3.  Diaz asserts that the search, conducted by the Dauphin County District Attorney's Office Criminal Investigative Division on May 4, 2017, was "warrantless."  Petition at IV.A.4-5.  As a result of the search, the contents of his cell phone revealed illegal

---

of his fellow inmates in a class action.  *Mobley v. Coleman*, 65 A.3d 1048, 1051 n.1 (Pa. Cmwlth. 2013).    Therefore, we consider Diaz's Petition exclusively through the lens of his own constitutional rights, not as rights of a similarly situated class.

[2] *See* U.S. Const. arts. I-III; *see also* Pa. Const. arts. II-V.

[3] In his Petition, Diaz lists two additional categories of individuals, "Other Indispensable Parties Directly Impacted" and "Other Non-Judicial Parties of Interest Who Are Requested to Intervene Upon this Civil Action In Order to Provide 'Checks and Balances' Upon the Judicial Respondents," that, in Diaz's view, should be included in this action.  Those listed include individuals associated with Dauphin County Prison and the institution itself, as well as several entities and individual members of Pennsylvania's Executive, Legislative, and Judicial Branches. While we note Diaz's desire for full participation by parties he believes are relevant in the instant case, we must clarify that this Court has not compelled, and will not compel, participation by these individuals/entities as Diaz has not properly named them as parties in this matter.

activity, and Diaz was later charged on May 24, 2017, with possession of child pornography. Petition at IV.A.6; Respondents' Br., Ex. A at 4. Diaz's criminal case regarding that matter is still pending before the Dauphin County Court of Common Pleas. *See* Petition at 10. Diaz has since filed two suppression motions in his pending criminal case, asserting that evidence obtained from the cell phone may not be used as it was obtained via a "warrantless" search. Petition at 10. Both suppression motions were denied. *See id.*

In his Petition before this Court, Diaz asserts that by administering the DCWRC, Respondents violated the separation of powers doctrine because the authority to manage the DCWRC properly rests with the Dauphin County Prison Board. In support of his claim, Diaz provides an outline of the history of the DCWRC and its management. As this background is relevant to the instant case, we summarize Diaz's historical account as follows.

Before 1996, the DCWRC, then the Work Release Program, was administered by Dauphin County Prison. Petition at IV.B.2. In 1996, the Work Release Program was then placed under the supervision of the Dauphin County Adult Probation/Parole Department (Probation Office), an agency that is an "entity" of the Dauphin County Court of Common Pleas. Petition at IV.B.3. Diaz contends that, as a result of this transfer,

> the overriding authority over the care, custody, and control of Work Release inmates was ceded from the Board of Prison Inspectors . . . of [Dauphin] County's Executive Branch . . . to that of the [Dauphin County] Court of Common Pleas[,] . . . part of the Commonwealth's Judicial Branch of government.

Petition at IV.B.4.

In 2007, the Work Release Program separated from the Probation Office and became its own department with its own director who reports to the

President Judge of the Dauphin County Court of Common Pleas. Petition at IV.B.5. This separation resulted in the agency's renaming as the DCWRC, and as with the Probation Office, the DCWRC is an "entity of the court." Petition at IV.B.6. DCWRC personnel consists entirely of probation officers, who are employees of the Dauphin County Court of Common Pleas, and also, therefore, employees of the Commonwealth's Judicial Branch. Petition at IV.B.7-8.

Thus, in sum, because members of the Commonwealth's Judicial Branch superintend the DCWRC as opposed to officials associated with the Dauphin County government's Executive Branch, in Diaz's view, an illegal transfer of authority has occurred. Petition at IV.B.11. Further, Diaz argues that as employees of the Judicial Branch, probation officers do not properly have the authority that they currently exert over the penal and correctional functions for the care, custody, and control of work release inmates at the DCWRC. Petition at IV.C. Diaz contends that this work should be reserved exclusively for correctional officers, who are presumably employees of Dauphin County's Executive Branch. *See id.*

The history of the DCWRC relates to Diaz, in his view, because he was subject to a "warrantless" search by individuals who lack the proper authority to administer the DCWRC. Petition at IV.A.4-5. Because the individuals exercised authority that is not properly their own, Diaz implies that his criminal charges resulting from his cell phone seizure are similarly inappropriate. Thus, on October 26, 2020, Diaz filed his Petition with this Court, and on November 24, 2020, he filed an Application for Summary Relief.[4] While Diaz opines in his Petition that he is not

---

[4] Diaz filed an additional, related civil complaint with the Dauphin County Court of Common Pleas, alleging that the judge who presided over his criminal case, involving the content of his cell phone, violated his civil rights. *See Diaz v. Hon. Curcillo*, 2019-CV-03206 (Dauphin Co.). This case is currently pending.

asking this Court "to make any sort of direct ruling(s) upon his pending criminal matters, as they are out of this Court's jurisdiction to do such," he proceeds to explain that "[a] ruling upon this [Petition] by this Honorable Court in [Diaz's] favor upon this matter would be proof of an underlying primary taint for the [] warrantless search(es) of the alleged cell phone that led up to his pending criminal charges." Petition at 11 n.6; Petition ¶10.

Diaz requests relief in the form of this Court ordering: (1) a reversal of the 12th Judicial District's ministerial management of the DCWRC; (2) the 12th Judicial District to immediately cease and desist any and all functions relating to penal and correctional functions; (3) all probation officers to cease and desist from supervising any person who is not released on probation or parole; (4) the April 18, 2012 Administrative Order[5] by the 12th Judicial District to be a legal nullity; (5) collaboration between the 12th Judicial District and the Prison Board to transfer management of the DCWRC to the Prison Board; (6) the Prison Board to take back control of the DCWRC; (7) the Prison Board to assign its Director of Corrections, or another qualified correctional expert, to work as a "receiver" for the transfer of the DCWRC to the executive powers of Dauphin County; (8) the Honorable John F. Cherry, P.J., to assign Director Matthew A. Miller of the DCWRC, or another designated court-appointed judicial official, to work as a "liaison" to ensure the transition of the control of the DCWRC; and (9) the 12th Judicial District to

---

[5] The Order in question reads:

> AND NOW, this 8th day of June, 2007, it is hereby ordered that effective July 1, 2007, operation of the [DCWRC] will be separated from the management and budget of the Dauphin County Adult Probation Office, and be supervised by a Director who will report directly to the President Judge and District Court Administrator.

Pet'r's Appl. for Summ. Relief, 11/04/2020, Ex. G.

5

specifically order its designated "liaison" to work in a "subservient" manner to that of the entire Prison Board and to its assigned "receiver" during the transition period. Petition at VII.1-9. Diaz also requests a ruling on his Petition by this Court in the form of a published opinion directing all of the Commonwealth's Judicial Districts to cease and desist from "usurping control" of any and all penal and correctional functions and from having their appointed probation officers supervise any person who is not released on probation or parole. Petition at VII.10.

This Court now considers Respondents' Preliminary Objections, filed on November 9, 2020, in response to Diaz's Petition and Application for Summary Relief.[6]

## II.    Discussion

In their Preliminary Objections, Respondents assert that this Court is without jurisdiction to provide the relief requested, specifically in the form of mandamus, by Diaz. Further, Respondents argue that Diaz's Petition does not state a claim for relief and that Diaz lacks standing to bring his Petition. Additionally, Respondents present the doctrine of *lis pendens* as barring Diaz's instant claims and, also, raise the issue that his present claims may constitute an impermissible collateral

---

[6] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007). Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

6

attack on his pending criminal case. Finally, Respondents contend that all parties named by Diaz are protected from such claims under sovereign immunity.

## A. Mandamus

Before this Court, Diaz seeks multiple forms of relief against Respondents, including mandamus relief compelling Respondents to perform the above-numbered actions, as outlined by Diaz. Respondents contend that this Court lacks jurisdiction to grant a writ of mandamus because they are judicial entities. The power to supervise and administer the judiciary lies solely with our Supreme Court.

Mandamus is an extraordinary writ designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pa. Dep't of Corr.*, 137 A.3d 575 (Pa. 2016); *Allen v. Dep't of Corr.*, 103 A.3d 365 (Pa. Cmwlth. 2014). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondents] possess[] a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Allen*, 103 A.3d at 369-70 (internal citation omitted). "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370 (internal citation omitted).

The Supreme Court is vested with the Commonwealth's supreme judicial power and exercises general supervisory and administrative authority over all courts of the Commonwealth. *See* Pa. Const. art. V, §§ 2, 10(a). Further, 42 Pa. C.S. § 721(2), states, in relevant part:

> The Supreme Court shall have original but not exclusive jurisdiction of all cases of:
> . . . .
>
> (2) Mandamus or prohibition to courts of inferior jurisdiction.

7

Thus, in considering both the difficult burden on Diaz's part to demonstrate that mandamus would be appropriate in this matter and the apparent jurisdictional impediment to our Court providing this type of relief, Respondents maintain that Diaz is not entitled to a writ of mandamus from this Court, as it relates to the Dauphin County Court of Common Pleas.

In *Guarrasi v. Scott*, 25 A.3d 394, 407 (Pa. Cmwlth. 2011), this Court stated that "in order for [the] Commonwealth Court to have any [mandamus] jurisdiction over [courts of common pleas,] there must be an appeal from that court pending before this Court." "[T]he onus of general superintendence over the courts of this Commonwealth has been allocated to th[e] [Supreme] Court." *Mun. Publ'ns, Inc. v. Ct. of Common Pleas*, 489 A.2d 1286, 1288 (Pa. 1985). In the instant case, Diaz is not before this Court in its appellate jurisdiction, but, instead, petitions this Court for review in its original jurisdiction. A pending appeal does not exist before this Court in the instant matter.

In the absence of this Court's capacity to issue a writ of mandamus against a court of common pleas without a pending appellate case, we cannot provide mandamus relief of the kind requested by Diaz in his Petition.[7] Therefore, we

---

[7] 42 Pa. C.S. § 761(c) states:

(c) Ancillary matters. — The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units **where such relief is ancillary to matters within its appellate jurisdiction**, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

(Emphasis added.)

8

decline to evaluate whether Diaz has met his burden to demonstrate that mandamus relief is appropriate. Accordingly, we sustain Respondents' Objections as related to this Court's lack of mandamus jurisdiction in this matter.

## B. Declaratory and Injunctive Relief

In his Petition, Diaz acknowledges that granting mandamus relief is inappropriate where other remedies are available. Accordingly, Diaz seeks a declaration and/or an injunction against Respondents in the alternative. Respondents assert that Diaz does not state a claim upon which relief may be granted because he does not meet the requirements necessary for either declaratory or injunctive relief. Specifically, Respondents note that declaratory and injunctive relief are forward looking, and Diaz seeks relief based on an alleged prior controversy.

Declaratory actions are intended to resolve uncertainty about legal rights, status, and relations, but only where there is an interest that is "direct, substantial, and present" and an "actual controversy related to the invasion or threatened invasion" of legal rights. *Waslow v. Pa. Dep't of Educ.*, 984 A.2d 575, 580 (Pa. Cmwlth. 2009); *see* Declaratory Judgments Act, 42 Pa. C.S. §§ 7531-7541. To properly grant declaratory relief, a "real controversy" must exist. *Gulnac v. S. Butler Cnty. Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991). Further, our Supreme Court has held that the "presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy" is "essential" for a granting of declaratory relief. *Id.* Thus, declaratory relief is inherently forward looking. *See Phanton Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1218 (Pa. Cmwlth. 2018).

9

Diaz claims that he is aggrieved and deserving of declaratory relief because "he was unlawfully subjected to the dominion of Judicial authorities while he was incarcerated at the DCWRC." Petition at IV.A.10. Additionally, Diaz explains that "[a] ruling upon [his Petition] by this Honorable Court in [his] favor upon this matter would be proof of an underlying primary taint for the [] warrantless search(es) of the alleged cell[]phone that led up to his pending criminal charges." *Id.* Essentially, Diaz believes he has an immediate interest that may be satisfied by declaratory relief because the seizure of his cell phone harmed him.

Diaz is no longer housed at the DCWRC and has not been since May 2017. Pet'r's Appl. for Summ. Relief at II.1. Thus, Diaz is not subject to any ongoing or future contact with the DCWRC or its administrators. The alleged harm that Diaz experienced, the seizure of his cell phone, is not due to Respondents' current or future operation of the DCWRC, and the alleged harm is not ongoing. However, notably, Diaz seeks declaratory relief from this Court to address the alleged prior conduct because it is currently the subject of his pending criminal charges before the Dauphin County Court of Common Pleas. While Diaz explains in his Petition that he does not expect this Court to provide a ruling on his ongoing criminal case, he believes a ruling from this Court in his favor will demonstrate the "underlying primary taint" associated with the cell phone seizure and his resulting prosecution. Petition at IV.A.10.

"[A]n action seeking declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available." *Pittsburgh Palisades Park, LLC v. Pa. Horse Racing Comm'n*, 844 A.2d 62, 67 (Pa. Cmwlth. 2004). Where a plaintiff has a "more appropriate remedy," a court should decline to exercise its discretion. *Bronson v.*

10

*Off. of Chief Couns.* (Pa. Cmwlth., No. 245 M.D. 2008, filed January 9, 2009), 2009 Unpub. LEXIS 427,[8] slip op. at 4-5 (holding that declaratory relief was not appropriate where an inmate sought declaratory relief stating that correctional facility employees unlawfully withheld a check because the inmate had the more appropriate remedy of a tort action).

In the instant case, Diaz seeks declaratory judgment from this Court to provide further support for his ongoing criminal and civil cases before the Dauphin County Court of Common Pleas. However, his issues regarding an alleged "warrantless" search and seizure of his cell phone are best presented and settled before the Dauphin County Court of Common Pleas during his criminal proceedings. Diaz is effectively asking this Court to provide a declaration in the instant civil case regarding a seizure that supports his criminal charges. To do so would evade the proper channels for defendants to challenge matters related to evidence and criminal procedure. Diaz must challenge the seizure of the cell phone before the Dauphin County Court of Common Pleas in connection with his criminal case.

Diaz's claims regarding the seizure of his cell phone do not present a "direct," "substantial," or "present" interest that warrants declaratory relief. While Diaz attempts to frame the institutional history of the DCWRC as a constitutional issue that directly impacts his present criminal prosecution, this scenario is not one where declaratory judgment is appropriate. An ancillary challenge to Diaz's pending criminal charges should not be validated by this Court's issuance of a declaration.

Similarly, Diaz requests that this Court grant injunctive relief. Our Court has previously explained:

---

[8] An unreported opinion of this Court may be cited and relied upon for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

> [T] he standards for mandamus and injunctive relief are similar in many important respects. A party seeking an injunction must establish the right to relief is clear, there is an urgent necessity to avoid an injury which cannot be compensated for by damages and greater injury will result from refusing rather than granting the relief requested. . . . Whether a petitioner seeks a writ of mandamus or an injunction, his threshold burden is to establish a clear legal right to relief.

*United Sportsmen of Pa. v. Pa. Game Comm'n*, 950 A.2d 1120, 1132 (Pa. Cmwlth. 2008) (internal citations and quotations omitted). As with the standard for declaratory judgment, Diaz fails to meet his burden to demonstrate the necessity of injunctive relief in the instant matter.

Most importantly, Diaz is no longer a resident of the DCWRC. Thus, Diaz does not possess an "urgent necessity to avoid an injury which cannot be compensated for by damages" and no "greater injury will result from refusing rather than granting the relief requested." *United Sportsmen of Pa.*, 950 A.2d at 1132. Even if Diaz's claims regarding the DCWRC's authority are valid, Diaz is no longer under the control of the DCWRC, thus negating the threat of injury.

Respondents also note that Diaz's inability to satisfy the requirements for the granting of both declaratory and injunctive relief relates directly to the question of whether he has standing to bring these claims. It is well known that judicial intervention, including declaratory and injunctive relief, is appropriate only where the controversy is "real and concrete, rather than abstract." *City of Phila. v. Commonwealth*, 838 A.2d 566, 559 (Pa. 2003). Without an actual imminent or inevitable controversy, a party lacks standing to maintain a declaratory judgment action. *Silo v. Ridge*, 728 A.2d 394, 398 (Pa. Cmwlth. 1999).

A party must have a substantial, direct, and immediate interest in the outcome of litigation to have standing. *Soc'y Hill Civic Assoc. v. Pa. Gaming Control Bd.*, 928 A.2d 175, 184 (Pa. 2007). An interest is substantial only if it

12

surpasses the common interest of all citizens in procuring obedience to the law, is direct only if the matter complained of caused harm to the party, and is immediate only if it is not remote or speculative. *Id.* (citations omitted). Respondents assert that by the very nature of Diaz's four-year absence from the DCWRC, his interest is indirect and remote. Additionally, Diaz's interest in the DCWRC's adherence to the law does not surpass those of all citizens, nor is he more appropriately situated than others to bring this type of claim.

While Diaz attempts to convince this Court that the instant action is brought without a desire to influence his pending criminal case, his inability to satisfy the requirements for either declaratory or injunctive relief indicates otherwise. The present case originates solely from the confiscation and search of Diaz's cell phone during his residence at the DCWRC, which resulted in his pending criminal prosecution. Without the existence of criminal charges, Diaz has not been aggrieved so as to appropriately bring a claim for relief. Thus, as we will not make a determination that will produce the collateral effect of impacting ongoing criminal proceedings, Diaz has not stated a claim for which relief may be granted. We therefore sustain Respondents' Objection as related to Diaz not stating a claim for relief.

## C. Additional Objections

Respondents additionally object to Diaz's Petition on the basis of standing, the doctrine of *lis pendens*, Respondents' entitlement to sovereign immunity, and Diaz's alleged collateral attack on his criminal case. As we sustain Respondents' Objections regarding our lack of mandamus jurisdiction in this matter and Diaz's failure to state a claim upon which declaratory or injunctive relief may be granted, we will not evaluate Respondents' additional Objections in detail.

13

### III. Conclusion

Because Diaz failed to state a claim upon which relief may be granted, both as a result of this Court's lack of jurisdiction to provide mandamus relief and his failure to state a claim for declaratory or injunctive relief, we sustain Respondents' related Objections, dismiss Diaz's Petition for Review and dismiss Diaz's Application for Summary Relief as moot.

_____
J. ANDREW CROMPTON, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Diaz                                               :
(On behalf of himself and all others                    :
similarly situated, as well as                          :
all of the Voters of Dauphin County                     :
and the Citizens of Pennsylvania),                      :
                              Petitioner                 :
                                                        :
                  v.                                     :          No.  589 M.D. 2020
                                                        :
12th Judicial District, aka: Dauphin                     :
County Court of Common Pleas;                            :
Honorable John F. Cherry, P.J., in                       :
his Official Capacity; Dauphin County                    :
Work Release Center; and Director                        :
Matthew A. Miller, in his Official Capacity, :
                              Respondents                :

# **O R D E R**


      **AND NOW**, this 20th day of September 2021, we **SUSTAIN** Respondents' Preliminary Objections, specifically those related to this Court's lack of mandamus jurisdiction and Eric Diaz's failure to state a claim for relief, **DISMISS** Eric Diaz's Petition for Review and **DISMISS AS MOOT** Eric Diaz's Application for Summary Relief.


                              _____

                              J. ANDREW CROMPTON, Judge