IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RT Partners, LP,                          :
                         Appellant        :
                                          :
            v.                            :     Nos. 637 C.D. 2022
                                          :           638 C.D. 2022
The Allegheny County Office of            :           639 C.D. 2022
Property Assessment,                      :
North Allegheny School District           :     Submitted: March 3, 2023
and Marshall Township                     :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: September 11, 2023

            RT Partners, LP (RT Partners) appeals from the orders entered in the
Court of Common Pleas of Allegheny County (trial court), sustaining the
preliminary objections of demurrer and failure to join an indispensable party brought
by the North Allegheny School District (School District), Marshall Township
(Township), and the Allegheny County Office of Property Assessment (ACOPA)
(collectively, the taxing authorities).  After careful review, we vacate the orders of
the trial court and remand for the entry of an order consistent with this memorandum.

                            I. BACKGROUND[1]

            RT Partners is the developer of the Venango Trail Plan of Lot (Venango
Trail), a planned community pursuant to the Uniform Planned Community Act (the

---

[1] Unless otherwise specified, we base the recitation of facts on the trial court's opinion.
*See* Trial Ct. Op., 7/22/22, at 1-2.

Act).[2]  *See* Compl., 4/20/21, ¶¶ 5-6.  Included in Venango Trail are parcels of land designated as permanent open space (open space parcels).  *See id.*, ¶¶ 6-7.  For the 2019 tax year, ACOPA assigned separate parcel identification numbers to each of the open space parcels and thereafter assessed valuations to the parcels.[3]  *See id.*, ¶¶ 8-9.  The School District and the Township issued real estate tax bills to RT Partners for the open space parcels for the 2019 tax year.  *See id.*

RT Partners commenced this action on April 20, 2021, pleading a single count pursuant to the Declaratory Judgments Act (DJA).[4]  *See id.*, ¶¶ 12-16.  In its prayer for relief, however, RT Partners sought (1) a declaration that the Act precludes a separate assessment of the open space parcels, as well as further relief including an order (2) striking the 2019 tax assessments of the open space parcels and (3) prohibiting the taxing authorities from any collection efforts pursuant to the 2019 assessments.  *Id.*, *ad damnum cl.*

The School District and Township responded by filing preliminary objections.  Specifically, they demurred, asserting the complaint was improper because RT Partners had failed to timely appeal from the 2019 tax assessment, and further objected that RT Partners had failed to join indispensable parties, namely, the Venango Trail Homeowners' Association (Association).  Following oral argument, the trial court sustained the preliminary objections and dismissed the

---

[2] *See* Unif. Planned Cmty. Act, 68 Pa.C.S. §§ 5101-5414.  The Pennsylvania Uniform Planned Communities Act was adopted in 1996 as the Act of December 19, 1996, P.L. 1336.

[3] The parcel numbers at issue are: 2181-C-566, 2181-C-567, 2181-D-581, 2181-G-580, 2181-L-2, 2181-M-561, 2181-M-562,2181-M-563, 2181-M-564, 2181-M-559, 2182-P-597, 2372-F-284, 2372-F-590,2372-G-575, 2372-G-576, 2372-K-278, 2372-K-293, 2372-K-297, 2372-K-591, 2372-L-550, 2372-L-551, 2372-L-593, 2372-M-58, 2372-M-66, 2372-M-99, 2372-M-552, 2372-M-553, 2372-M-556, 2372-R-557 and 2372-R-558.  *See* Compl., ¶¶ 8-9.

[4] *See* Declaratory Judgments Act, 42 Pa.C.S. §§ 7531 - 7541.

2

School District and Township as parties to the action.[5] Subsequently, ACOPA filed preliminary objections by demurrer, also asserting that RT Partners had failed to timely appeal from the 2019 tax assessment. The trial court sustained the objections, and, with all parties dismissed from the action, dismissed the case. This timely appeal followed.

## II. ISSUES

RT Partners raises two issues. First, RT Partners contends its litigation was not time barred and that it should be permitted to challenge the 2019 real estate tax assessments. *See* Appellant's Br. at 10. Second, RT Partners maintains that it joined all necessary parties to the litigation. *See id.* at 13.

## III. ANALYSIS[6]

Before addressing the substantive merits of the parties' arguments, we consider whether RT Partners properly invoked the trial court's jurisdiction. Although neither party has raised the issue, "[t]he test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine

---

[5] The trial court cited *Locust Lake Village Property Owners Association, Inc. v. Monroe County Board of Assessment Appeals*, 940 A.2d 591, 597 (Pa. Cmwlth. 2008), which held that the law precludes the separate assessment of common facilities, but that it is the taxpayer's burden to appeal erroneous assessments in the year they are assessed, and the failure to do so is binding and conclusive. *See id.* (citing *Lincoln Phila. Realty Assoc. I v. Bd. of Rev. of Taxes of City and Cnty. of Phila.*, 758 A.2d 1178, 1190 (Pa. 2000) (cleaned up)).

[6] "Our standard of review in this appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (cleaned up). A "demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law[.]" *Raynor*, 243 A.3d at 52 (cleaned up). We sustain a demurrer only when the law undoubtedly precludes recovery; if doubt exists, we should overrule the demurrer. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "When ruling on a demurrer, a court must confine its analysis to the complaint." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

3

controversies of the general class to which the case presented for consideration belongs." *Blount v. Phila. Parking Auth.*, 965 A.2d 226, 229 (Pa. 2009) (citation omitted). It presents a "fundamental issue of law" that we may raise *sua sponte*. *Id.*

RT Partners commenced this action by invoking the trial court's jurisdiction pursuant to the DJA. Section 7532 of the DJA provides that courts "have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. § 7532. The purpose of such an action is to illuminate an "existing legal right, status, or other relation," or phrased another way, to finally settle and make certain the rights or legal status of parties. *Eagleview Corp. Ctr. Ass'n v. Citadel Fed. Credit Union*, 150 A.3d 1024, 1029-30 (Pa. Cmwlth. 2016) (footnote omitted) (citation omitted). Unlike an injunction, a declaratory judgment does not order a party to act; it stands by itself, and no executory process follows. *See id.*

It is long settled that a trial court shall not assume jurisdiction over a matter brought pursuant to the DJA unless "satisfied that an actual controversy, or the ripening seed of one, exists between the parties, . . . and that the declaration sought will be a practical help in ending the controversy." *Reese v. Adamson*, 146 A. 262, 263 (Pa. 1929).[7] "A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic." *Gulnac by Gulnac v. S. Butler Sch. Dist.*, 587 A.2d 699, 701 (Pa. 1991).

---

[7] The *Reese* Court further clarified that "in order to obtain such a judgment, [i]t is not required that an actual wrong should have been done, such as would give rise to an action for damages, and no wrong need be immediately threatened, such as would be the proper basis for an injunction, but a real controversy must exist." 146 A. at 263.

4

"[W]hether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion." *Brouillette v. Wolf*, 213 A.3d 341, 357 (Pa. Cmwlth. 2019) (cleaned up). A trial court abuses this discretion absent "[t]he presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy[.]" *Gulnac*, 587 A.2d at 701.

In this case, we discern no actual controversy suitable for declaratory relief. RT Partners seeks a declaration that Section 5105(b)(1) of the Act "specifically precludes the separate assessment of the [o]pen [s]pace [p]arcels for real estate tax purposes[.]" Compl., *ad damnum* cl. However, the taxing authorities have not disputed RT Partners' interpretation of Section 5105(b)(1). *See generally* Appellee's Br.[8] Rather, the premise of their demurrer and argument to this Court focuses on RT Partners' responsibility to appeal an erroneous assessment within the time allowed by law. *See id.* at 7-9.

Further, even if there was a controversy, any statement by this Court interpreting the plain language of Section 5105(b)(1) of the Act would not resolve it. To wit, the Act provides that "common facilities" owned by a planned community association are exempt from separate real estate taxation and assessment.[9] 68 Pa.C.S. § 5105(b). However, "[t]axation of property is the rule; therefore, statutory exceptions must be strictly construed." *Borough of Homestead v. St. Mary Magdalen Church,* 798 A.2d 823, 828 (Pa. Cmwlth. 2002). To that end, it is well

_____

[8] ACOPA and the Township join in the School District's brief.

[9] A common facility is "[a]ny real estate within a planned community [that] is owned by the association or leased to the association." 68 Pa.C.S. § 5103. This is in contrast to a unit, which is a physical portion of the community designated for separate ownership or occupancy. *See* 68 Pa.C.S. § 5103. Common facilities can consist of "roads, ponds, green areas, water tower . . . as well as the community building's recreational facilities." *See Locust Lake*, 940 A.2d at 593 (citing *Saw Creek Cmty. Ass'n, Inc. v. Cnty. of Pike*, 866 A.2d 260, 261 (Pa. 2005)).

settled that the taxpayer claiming entitlement to an exemption bears the burden of proof. *See Alliance Home of Carlisle v. Bd. of Assessment Appeals,* 919 A.2d 206, 225 (Pa. 2007). Thus, although local taxing authorities may not tax properties that are "common facilities" as defined in the Act, the taxpayer must first establish "that the property in question meets the statutory requirements of a 'common facility.'" *Locust Lake*, 940 A.2d at 597.

There has been no finding in this case that the open space parcels in Venango Trail qualify as common facilities under the Act. Therefore, any statement by the trial court or this Court would be nothing more than an advisory opinion and would not help end a controversy between the parties. *See Reese*, 146 A. at 263; *Gulnac*, 587 A.2d at 701.

There is yet another problem with RT Partners' complaint. RT Partners maintains that it has not challenged the assessed value of the open space parcels and does not seek a retrospective refund of taxes paid. *See* Appellant's Br. at 11-13; *see generally* Compl. RT Partners avoids pleading overtly what is nonetheless clear: it disputes the 2019 tax assessments and seeks judicial relief exempting RT Partners from an obligation to pay those assessments. While RT Partners' approach is creative, it is difficult not to interpret its complaint as a veiled attempt to appeal the 2019 tax assessments directly to the trial court rather than to the board of assessment appeals. However, any lingering controversy has been mooted. *See Locust Lake*, 940 A.2d at 596 (observing that a failure to appeal an assessment in the year the assessment issued renders it "binding and conclusive"). For this reason, too, RT Partners' request for declaratory relief did not invoke the trial court's jurisdiction. *See Gulnac*, 587 A.2d at 701 (decrying consideration of moot cases under the DJA).

6

Finally, the additional relief sought by RT Partners is injunctive, not declaratory in nature. In our view, this is improper within the context of the DJA.

As discussed, *supra*, a declaratory judgment is a way to "settle and make certain the rights or legal status of parties." *See Eagleview Corp.*, 150 A.3d at 1029-30. Unlike an injunction, a declaratory judgment *does not order a party to act*. *See id.* at 1030. This is because "the distinctive characteristic of the declaratory judgment is that the declaration stands by itself; that is to say, no executory process follows as of course." *See id.* (citation omitted); *see also Sewer Auth. of City of Scranton v. Pennsylvania Infrastructure Inv. Auth. of Com.*, 81 A.3d 1031, 1042-43 (Pa. Cmwlth. 2013) (finding single count combining a cause of action for declaratory judgment and request for injunctive relief improper but noting repleading unnecessary since Court dismissed portion of complaint addressing declaratory judgment).

RT Partners pleaded a single count in declaratory judgment. *See* Compl., ¶¶ 12-16. Yet, RT Partners requests an order "[s]triking the 2019 real estate tax assessments" and "[p]ermanently prohibiting" the taxing authorities "from undertaking any efforts to collect any real estate taxes levied pursuant to these impermissible assessments." *Id.*, *ad damnum cl*. Thus, it improperly seeks an executory process in conjunction with a claim for a determination regarding legal status.[10] *See Eagleview Corp.*, 150 A.3d at 1030; 42 Pa.C.S. § 7532.

---

[10] To be clear, the DJA does not preclude multiple claims or bases for relief. *See* 42 Pa.C.S. § 7532. A plaintiff may state in a complaint more than one cause of action, but "[e]ach cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." Pa.R.Civ.P. 1020(a).

"A party seeking an injunction must establish the right to relief is clear, there is an urgent necessity to avoid an injury which cannot be compensated for by damages[,] and greater injury will result from refusing rather than granting the relief requested." *Unified Sportsmen of Pa. v.*

## IV. CONCLUSION

For these reasons, RT Partners failed to invoke the trial court's jurisdiction under the DJA. *See Reese*, 146 A. at 263. Rather than consider RT Partners' substantive arguments, albeit through the lens of the taxing authorities' preliminary objections, the trial court should have dismissed RT Partners' complaint for lack of jurisdiction. *See Gulnac*, 587 A.2d at 701. Accordingly, we vacate the trial court's orders and remand for the entry of an order consistent with this memorandum.[11]

LORI A. DUMAS, Judge

---

*Pa. Game Comm'n*, 950 A.2d 1120, 1132 (Pa. Cmwlth. 2008). RT Partners made no effort to plead a claim for injunctive relief. *See generally* Compl. In any event, it seems unlikely that injunctive relief is warranted in this case, where RT Partners has no clear right to relief and any finding that taxes were assessed and/or paid in error could easily be addressed in an award for damages, *i.e.*, a retrospective refund.

[11] Based on our disposition, we need not consider RT Partners' substantive arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RT Partners, LP,                  :

            Appellant      :

                        :

          v.             :     Nos. 637 C.D. 2022

                        :           638 C.D. 2022

The Allegheny County Office of     :           639 C.D. 2022

Property Assessment,              :

North Allegheny School District     :

and Marshall Township          :

# **O R D E R**

AND NOW, this 11th day of September, 2023, we VACATE the orders of the Court of Common Pleas of Allegheny County, sustaining preliminary objections filed by the Allegheny County Office of Property Assessment, North Allegheny School District, and Marshall Township, and dismissing the complaint in declaratory judgment filed by RT Partners, LP, and REMAND with instructions to DISMISS the complaint for lack of jurisdiction.

Jurisdiction relinquished.

                                  _____

                                  LORI A. DUMAS, Judge